## PICO *et al* v. STEVENS, ADMINISTRATOR.

WHERE, in suit for the value of horses alleged to have been purchased by B., it was proven, among other things, that the horses were purchased for the use of the Overland Mail Line, and the Court instructed the jury that, under the evidence, B. was to be considered the sole proprietor of that line : *Held*, that the instruction was wrong, because violating the constitutional provision prohibiting Judges from charging juries with respect to matters of fact; but, *held* further, that as no other conclusion could be arrived at from the evidence, the error could not have prejudiced defendant, and, therefore, is not ground of reversal.

Where an administrator rejects a legal claim against the estate, and the claimant afterwards sues and recovers judgment therefor, he is entitled to interest from the time of presenting his claim to the administrator.

APPEAL from the Sixth District.

The claim—interest not being asked—was presented to the ad-

ministrator of Birch on the third of November, 1858, and rejected, and this suit brought the thirty-first of December following. The complaint averred the animals to have been sold to Birch, some in June, 1857, and others in October of that year. The Court below instructed the jury that they might give legal interest from the dates of the sales. Verdict and judgment accordingly for plaintiff. But on the motion for new trial, plaintiff remitted all interest prior to the time of presenting the claim to the administrator. The other material facts are stated by the Court.

*H. H. Hartley*, for Appellant.

1. The Court erred in charging the jury that Birch was sole owner of the mail line ; this was a fact for the jury to find. (9 Cal. 566 ; 3 Chand. [Wis.] 240 ; 9 Harris, 228, 315.)

2. The Court erred in its charge as to interest. (Wood's Dig. art. 2838 ; 14 Cal. 174 ; 4 Cow. 496 ; 6 Id. 193 ; 1 Camp. 50, 129, 149 ; 2 Id. 426 ; 15 East. 223 ; 1 B. & P. 306 ; 2 Id. 472.) No interest was claimed in the account presented to the administrator, and it must be considered as abandoned. ·

*Thos. Sunderland*, for Respondents.

1. The charge of the Court as to the sole proprietorship of Birch in the Overland Mail Line was correct, because there was no conflicting testimony on that point.

2. Interest was due from the time of presentation of the demand to defendant. (Story on Cont. secs. 10, 26 ; 5 Cow. 611 ; 13 Mass. 537.) And as to interest prior thereto, plaintiff, on the motion for new trial, remitted it.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover of the defendant, as administrator of the estate of James E. Birch, deceased, the value of certain horses and mules which, it is claimed, were purchased by the latter. It was proved at the trial that the animals were purchased for the use of the Overland Mail Line ; and the Court instructed the jury that, under the evidence, Birch was to be considered the sole

25

proprietor of that line.    We have repeatedly held that an instruction of this character is in violation of the constitutional provision prohibiting Judges from charging juries with respect to matters of fact; but we have also held that where no other conclusion could be arrived at upon the evidence, the error will not be sufficient to justify a reversal.    (*Terry* v. *Sickles*, 13 Cal. 427 ; *Caulfield* v. *Sanders*, 17 Cal. 569.)   There is no evidence in this case adverse to the correctness of the instruction in point of fact, and the error committed could not have operated to the prejudice of the defendant.

The plaintiff was entitled to interest from the time of the presentation of his demand.    The claim was a legal and valid charge upon the estate, and when presented, the defendant should have indorsed upon it his allowance.    He could not, by refusing to do so, deprive the plaintiff of his right to interest; and a subsequent recovery by the latter must be regarded as tantamount to an allowance at the time.    There is nothing in the other points made.

Judgment affirmed.