Although the trespasses were laid with a continuando, and several acts of trespass within the time alleged had been proved, the plaintiff was properly allowed to prove another act anterior to the day stated in the complaint as the commencement of the trespasses. The rule was otherwise at common law, for the reason that a variance between the declaration and proof was fatal. It was then required, that the first day should be laid anterior to the first wrongful act, because the plaintiff would not be permitted to give, in evidence, repeated acts of trespass, unless committed during the space of time laid in the declaration. (1 Chitty's Pl., 394.) But he *Page 125 
might prove a single act of trespass, upon the first day named in the complaint. (Hume v. Oldacre, 1 Stark., 351.) In such case, he was confined to that act, and the averment of the several trespasses after the first day named was treated as sur plusage, and disregarded, when the day specified was regarded as an allegation of time not necessary to be proved as laid, and not as descriptive of the offences. (5 Price, 614.) So long as the averment in continuando was relied upon, and regarded as a part of the declaration, it was necessarily made a part of the statement of the causes of action; and any evidence of acts not embraced within the description was inadmissible, upon the ground of variance. The evidence could not differ from the statement of the cause of action. The objection had no other foundation, in principle; and this is obviated by the 169th and 170th sections of the Code, which reject all variance between the allegation in a pleading, and the proof, unless it has actually misled a party, to his prejudice; which was not claimed upon the trial of this action.
The action was in form to recover treble the amount of damages which should be assessed by the jury for the trespasses complained of; but, upon the trial, the plaintiff only claimed to recover single damages: the action was treated as an ordinary action of trespass, and the plaintiff has only taken judgment for single damages. The question was not made, upon the trial, which is attempted to be made here, that trespass for cutting line trees, or trees standing upon the division line between the plaintiff and defendant, was not within the statute giving treble damages for willfully cutting down timber or trees on the land of any other person, without the consent of the owner. The plaintiff could waive his claim for treble damages, under the statute, and if he did so, or if it appeared, upon the trial, that the trespass was casual or involuntary, or that the defendant had reason to believe that the land on which the trespass was committed was his own, the verdict would necessarily be, as it was in this case, for single damages, or for a single trespass. To have entitled the plaintiff to treble damages, the jury must have found the defendant guilty *Page 126 
of the trespass alleged, and assessed the single value of the timber or trees cut, and the court, on motion, would have trebled the damages. (3 R.S., 5th ed., 624; Newcomb v. Butterfield, 8 J.R., 264.) The reference, therefore, to the statute may be regarded as out of the complaint; and the right of the plaintiff to recover for the cutting of the line trees be considered as if the action was in form, as it was in fact as tried and determined, a simple action of trespass quam clausum fregit.
It is not necessary to determine whether the parties were technically tenants-in-common of the trees growing upon the boundary line separating their respective farms, with all the ordinary rights and incidents of such an estate. The trees thus growing are called, in the case, "line trees." By this, I understand, is meant, not trees marked and set apart by the parties as evidences or monuments of the division line, but trees deriving their nourishment from roots extending on both sides of the line, and with bodies so directly over the line, and necessarily on both sides of that line, that it could not be determined upon which side of the line the tree was originally planted; as was the case in Holder v. Coates (1 Moody 
Malkin, 112). Different opinions have been held, as to the rights of the owners of adjoining estates in trees planted, and the bodies of which are wholly upon one, while the roots extend and grow into the other; some holding that, in such cases, the tree, by reason of the nourishment derived from both estates, becomes the joint property of the owners of such estates (Waterman v.Soper, 1 Ld. Raym., 737; Griffin v. Bixby, 12 N.H., 454; 2 Bouv. Inst., 158); while others, with better reasons, as it seems to me, hold that the tree is wholly the property of him upon whose land the trunk stands. (Holder v. Coates, supra; Lyman
v. Hale, 11 Conn., 177; Masters v. Pollie, 2 Roll. R., 141; Crabbe on Real Property, § 96.) The same reasons, and the proprietorship of the soil, would give to the owner of the estate that part of the trunk of a tree which was upon or over his land, when the trunk was divided by the line separating the estates. The ownership of the soil would be several, in *Page 127 
the proprietors of the two estates, while the tree, standing and growing partly upon the soil of each, not capable, as an entire thing, of several ownership by the two, would be the property of the two in common, and as tenants-in-common. If a tree grows in a hedge that divides the land of A and B, and by its roots takes nourishment in the land of both, they are tenants-in-common. (Anon., 2 Roll., 255; Crabbe's Law of Real Property, supra.)
The same difficulty and conflict of opinions upon this branch of the law has also existed in the civil law, and in France the difficulty has been avoided by legislation, and boundary hedges, and the trees in them, are declared to be common property of the owners of the two estates. (Note to Holder v. Coates, 22 E.C.L.R., 265.) So long as neither can make title upon any principles of right known to the law, to the exclusion of the other, a common property necessarily exists in both, and the rule of the French code is but the rule of the common law resulting from the principle which gives to the owner of the soil an exclusive right to an indefinite extent upward and downward, and which makes trees and bushes, growing and being upon land, a part of the land itself. Trees thus standing upon the boundary line, as mete-stones or monuments set up for marking the boundary line, are not like party walls erected with reference to the usual occupation of adjacent premises. The wall is erected for the use of each, and each may use it, and each owns that which is on his own premises, but there is no tenancy-in-common. (Matts v.Hawkins, 5 Taunt., 20.) This case was, however, decided under the party wall act of 14 Geo. III, c. 78, and it would seem that but for such act the presumption would be that the wall and the land on which it stands belong to the owners of the adjoining lands in equal moieties as tenants-in-common. (Cubitt v.Porter, 8 B. C., 257.)
Ordinarily, trespass will not lie by one tenant-in-common against his co-tenant, but when one tenant in common ousts his co-tenant, ejectment will lie at the suit of the latter; and when one tenant-in-common destroys the subject of the tenancy, *Page 128 
trespass will lie at the suit of the injured party. (Co. Litt., 200, a, 200, b; Crabbe's Law of Real Property, § 2318, b;Waterman v. Soper, supra.) If one tenant-in-common destroy the thing in common, as if he grub up and destroy a hedge or prevent his co-tenant of a folding erecting hurdles, trespass lies. (Browne on Actions, 414; Voyce v. Voyce, Gow., 201;Cubitt v. Porter, supra.) If one tenant-in-common enter upon his co-tenant and oust him of his premises, trespass quamclausum fregit lies for the injury. (Erwin v. Olmsted, 7 Cow., 229.) Here there was a total destruction of the trees, and the plaintiff had his remedy by action for the wrong done. If the parties were not tenants-in common, the defendant was clearly a trespasser in cutting and carrying off that portion which belonged to the plaintiff in reality as being upon his land.
The judgment must be affirmed.
DAVIES, J., also delivered an opinion for affirmance.
Judgment affirmed.