HENRY MILLER *v.* GEORGE W. STEWART, CHAUNCEY STEWART, AND SYLVESTER MARSHALL.

FRAUDULENT INTENT—QUESTION OF FACT.—In an action where one of the issues raised is a question of fraudulent intent in the sale or disposition of property, the fraudulent intent is a question of fact alone, to be left solely to the determination of the jury.

INSTRUCTIONS ON QUESTIONS OF FACT.—In such cases it is error for the Court to instruct the jury as to the effect or force of the evidence upon the question of fraudulent intent.

SAME.—The Constitution prohibits Judges from charging juries with respect to matters of fact, except to state the testimony and declare the law resulting from the evidence.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

George W. Stewart and Chauncey Stewart, on the 21st day

of August, 1862, recovered a judgment against D. C. Miller and the plaintiff, Henry Miller, in the District Court of Sacramento County, and George Stewart, on the same day, recovered a judgment in the same Court against the same parties.

Executions were issued on said judgments and placed in the hands of defendant Marshall, as Sheriff, who, by virtue of the same, levied upon and took from the possession of Henry Miller a span of horses and wagon.

This action was brought to recover possession of the same, or their value.

Plaintiff averred in his complaint that he was a farmer by occupation, and that the team was exempt from execution.

The answer denied that plaintiff was a farmer, and averred that he was engaged in the livery business as a co-partner of D. C. Miller; that the team at the time of the levy was the joint property of plaintiff and D. C. Miller, and that about the 7th day of August, 1861, plaintiff and D. C. Miller combined and confederated with one B. Cahoon, to defraud the Stewarts and their other creditors, and made to said Cahoon a fraudulent sale of all their visible property, with the exception of the property sued for, for the purpose of preventing the Stewarts from collecting their judgments, and to enable Henry Miller to claim the property in dispute as exempt from execution.

*Harrison & Estee*, for Appellants.

The Court charged the jury, " That there was no *sufficient* evidence from which they could infer generally that the transactions which took place about that time were fraudulent as to creditors."

This we consider clearly erroneous. It is a question of fact, strictly for the jury, if there is any evidence or *circumstances* tending to establish the fact. In the case of *Kendall* v. *Hughes*, 7 B. M. 370, the Court say : " The instruction given for the plaintiff, that the fraudulent intention cannot be presumed, but must be proved like any other fact, is obviously misleading. Fraud, or any other fact, may be presumed, if

there be sufficient evidence of *other facts* which authorize the inference of fraud."

*Robert Robinson,* for Respondent.

By the Court, SANDERSON, C. J.

This is an action brought to recover certain personal property described in the complaint, or its value in the event a delivery thereof cannot be had. The principal question involved in the case is, as to the *bona fides* of certain transactions or sales on the part of the plaintiff and his brother and co-partner, alleged to be fraudulent as against the defendants, who were creditors of the firm. Among other instructions given by the Court is the following, which was excepted to by the defendants, and is here assigned as error : " The circumstances under which this sale of the interest in the property by the partner, D. C. Miller, to Henry Miller took place, have been detailed to you by the witness (Miller) himself ; and there is no sufficient evidence in the case from which you could infer generally that the transactions which took place about that time were fraudulent as to creditors. You do not know—it was not elicited by the counsel for either party—whether or not there was a fraudulent misappropriation of the funds raised about that time. Indeed, these circumstances have not so far been detailed to you as for you to find fraud in the transaction. I instruct you upon that point, merely as a matter of law."

Section twenty-third of the Act concerning fraudulent conveyances and contracts (Wood's Dig. 107) reads as follows : " The question of fraudulent intent in all cases arising under the provisions of this Act shall be deemed a question of fact, and not of law" * * * . Whether the transactions in question were entered into by the Millers with intent to hinder, delay, or defraud their creditors, is a question which the statute leaves to the determination of the jury upon such evidence as may be presented for their consideration. The intent is expressly declared to be a question of fact, and must, there-

fore, be for the jury, and not the Court.   In the instruction above quoted, the Court, in effect, takes the question from the consideration of the jury, and assumes the decision thereof, notwithstanding the express prohibition of the statute.   As a charge, it is also repugnant to the seventeenth section of Article VI of the Constitution, which provides "Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law."

If there was no evidence whatever tending to support the allegation of fraudulent intent, we might disregard the error upon the ground that it is an error without prejudice; but there is some evidence in the record tending to establish the alleged fraud upon which the defendants were entitled to take the opinion of the jury.   (*Pico* v. *Stevens*, 18 Cal. 376.) That there is such evidence, the language of the instruction itself implies.   This disposes of the appeal, and makes it unnecessary to consider the remaining points made by counsel for the appellant.

The judgment is reversed, and a new trial is ordered.