GEORGE A. STARKWEATHER AND ANOTHER, APPELLANTS, *v.* DANIEL J. QUIGLEY AND ANOTHER, RESPONDENTS.

*Trespasses* — 3 *R. S.* (*5th ed.*), 624, § 4 — *Treble damages.*

Where in the complaint in an action of trespass, reference is made to section 4 of 3 Revised Statutes (5th ed.), 624, providing for the recovery of treble damages, such reference will not operate to destroy or prevent the maintenance of the action for a trespass, not of such a character as to authorize the assessment of treble damages. If not entitled to treble damages, the plaintiff may recover single damages, if entitled thereto, by the evidence given upon the trial.

APPEAL from a judgment of the City Court of Brooklyn, in favor of the defendant, entered upon an order dismissing the plaintiff's complaint.

*A. H. Dailey*, for the appellants.

*Winchester Britton*, for the respondents.

BARNARD, P. J.:

A Mr. Powell, as attorney for the owners, made a lease of certain premises in Brooklyn, for five years, from April 18, 1872, to one Patrick Hays. Hays associated himself with one Finnigan,

and was in possession under the lease, carrying on the business of selling liquors. They conveyed the business, with the personal property used in the business, to a Mrs. Pudra, and she gave back to Hays and Finnigan a mortgage on the personal property to secure a part of the purchase-price, being for $900. This transaction took place on the 22d of January, 1873, and the mortgage was made payable on or before 22d of July, 1873. The mortgage in express terms conveyed "the unexpired term of the lease of said premises this day assigned," by Hays & Finnigan to Mrs. Pudra. Hays & Finnigan, it seems, assigned this mortgage to the plaintiff. The court rejected the assignment. Mrs. Pudra sold the stock, and I suppose her right in the lease, to the defendant Gordon, subject to the mortgage.

Gordon, for purposes of his own, it does not distinctly appear for what reason, wished the mortgage foreclosed before it was due, and gave his consent thereto, and employed an auctioneer to make the sale. On the sale, the property was purchased by plaintiffs.

There appears to have been some negotiation between plaintiffs and Gordon, with a view to a sale by plaintiffs to Gordon, which failed in resulting in a sale. The plaintiffs then, with Gordon's consent, took possession of the property, including the possession of the premises. Gordon was left in charge of the property as plaintiffs' agent. Gordon then attempted to sell to Quigley, the other defendant, and was told by plaintiffs of their interest in the property. The plaintiffs then dispossessed Gordon as agent, and locked up and bolted and nailed the premises securely. This was on the 9th of March, 1873. On the 10th of March, 1873, Quigley is found in possession, asserts his title to it, and says that he had been advised that plaintiffs' action in regard to the mortgage had vitiated their claim, and that he had a good title, and had taken possession from Gordon. Gordon is proven to have entered on to the premises, "found the place open and walked in."

The action is against Gordon and Quigley, and the court dismissed the complaint upon the ground that the action was for treble damages under the statute, and had not been proven.

I think the court erred in this decision. The plaintiffs owned the lease. It was of no consequence whether the title was acquired by an assignment contained in a personal mortgage or by an inde

pendent instrument; it was assigned to plaintiffs' assignor as security for a debt, and the debt was unpaid. What the terms of the assignment were does not appear, as it was rejected by the court and is not returned. Gordon, however, assented to the transfer and took possession under plaintiffs as their agent. Plaintiffs then had the title and possession under it, and securely locked the premises; Gordon unlawfully enters, and Quigley takes immediate possession under Gordon. It was for the jury to say whether this was or was not a joint trespass; whether the entry was not made in fact by Gordon and Quigley, in furtherance of a common plan, and in the execution of a common purpose. In deciding the rights of the parties, when a nonsuit is ordered, one must assume those facts as true which a jury could find fairly under the evidence.

The complaint is for trespass on premises and for a tortious taking of personal property found therein. The reference in the complaint to the statute, which in certain cases warrants treble damages, can have no such effect as to destroy a trespass, not such as to permit the assessment of such damages. If not entitled to treble damages he may have single damages, if entitled thereto, under the evidence. No action should be dismissed because the plaintiff claims too much. If the form of the action is right and covers the claim he is entitled to it.

I think the judgment should be reversed, and a new trial granted, costs to abide the event.

Pratt, J.:

The plaintiff, by the allegations of the complaint, and by direct references therein to the statute, brought the action under section 4, title 6, chapter 5 of part 3, Revised Statutes, giving treble damages for trespass on lands by forcible entry or detainer. But the evidence wholly failed to prove either an entry into or a holding out of possession, accompanied by that degree of force which is necessary to sustain the action under the section referred to. (See *Willard* v. *Warren*, 17 Wend., 257.)

The complaint was, therefore, properly dismissed, unless the plaintiffs, on abandoning the claim for treble damages (as they assumed to do), were entitled to have the action considered as for trespass simply, and recover actual damages.

The first section of the same title provides for awarding treble damages in actions of trespass for cutting standing timber, which, however, is qualified by the second section, providing that when the trespass is casual and involuntary, or under a supposed rightful claim, only actual damages shall be recovered.

It is quite well settled that in actions under the first section, a recovery may be had for a simple trespass, and judgment rendered for the actual damages, although the proof fails to sustain the allegation of the complaint as to the willful character of the trespass. (*Sprague* v. *Irwin*, 27 How. Pr., 51 ; *Dubois* v. *Beaver*, 25 N. Y., 123.)

It is said that the plaintiff may waive the claim for treble damages, and thereupon the reference to the statute is to be regarded as out of the case. (*Dubois* v. *Beaver, supra*, p. 125.)

No good reason is perceived for making any distinction, in this respect, between actions brought under the first and those brought under the fourth section of the statute, all of which relate to trespasses on lands.

In the one class of cases the statute gives three-fold damages as a penalty for willful misconduct, and in the other class the same penalty for the exercise of that degree of force calculated to incite a breach of the peace.

The object of the reference in the complaint to the statute, is to apprise the defendant of the extent of the claim made against him. (*Newcomb* v. *Butterfield*, 8 Johns., 342.)

But why may not the plaintiff at the trial withdraw the statutory claim, and thus limit his recovery to the actual damages proven ? He could not be permitted to do so if the effect was to change the form of action. (*Barnes* v. *Quigley*, 59 N. Y., 265.) But such is not the effect.

The statute does not give the right of action under either section, but merely prescribes the damages to be awarded in actions of trespass in certain specified cases. It seems to have been settled practice in the cases referred to in the first section, to have the jury find as to the character of the trespass and assess single damages, and have the question of trebling the damages determined by the court, on motion. (*Newcomb* v. *Butterfield, supra*.)

The same practice is equally well adapted to trials under the

fourth section. Under the Code, the court is bound to disregard a variance between the facts proved and the allegations of the pleading, unless there is an entire or substantial failure of proof. This can hardly be affirmed when, in an action for trespass, the proof only fails to sustain the allegation of the pleading, as to the degree of force with which the wrongful acts were accompanied.

The plaintiffs were entitled, under the complaint, to recover on making proof of a trespass on the *locus in quo*, although failing to prove the degree of force alleged. The evidence was certainly sufficient (though it may have been slight and inconclusive) to go to the jury, upon the question whether the defendant had not unlawfully entered upon the premises. Indeed, it does not seem to have been urged, on the motion for a dismissal of the complaint, that no actual entry had been proven. The position taken was, "that no such *forcible* entry and detainer has been shown sufficient to maintain this action as matter of law." And the decision of the court granting the motion was placed on the distinct ground that the plaintiffs' "right to recover rests entirely upon the point whether the entry was with force and arms."

The plaintiffs proved that they were put in possession of the premises by the sheriff, March 9, 1875, and that they securely fastened the same, and they gave evidence tending to show that the defendants subsequently entered into the premises without license, and claimed the right to hold possession thereof. This proof, uncontradicted, entitled the plaintiffs to a recovery of at least nominal damages, and the complaint should not have been dismissed.

Judgment reversed and new trial ordered, costs to abide the event.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Judgment of City Court of Brooklyn reversed and new tria. ordered, costs to abide event.