CHRISTIAN RHEMKE, RESPONDENT, *v.* JETER CLINTON ET AL., APPELLANTS.

1. AMENDMENT OF COMPLAINT.—A complaint founded on a statute giving treble damages for the willful or malicious destruction of property and claiming such damages, may be amended so as to claim single instead of treble damages; this is not a change of the cause of action.

2. AS TO WHETHER SUCH DAMAGES ARE A PENALTY IN FACT.—In an action in trespass for destruction of property, when the quantity and value are alleged, a failure to deny such allegations is an admission of their truth, and the plaintiff need not prove either such quantity or value.

3. INTEREST AS DAMAGES.—It is not error for the court to instruct the jury to give interest as damages in cases of destruction of property, nor is it error for the jury to give interest *eo nomine* as such damages.

4. TRESPASS, ACTION OF.—The party in possession of goods may recover their full value if destroyed by a trespasser.

5. AMENDMENT OF ANSWER.—Where the defendants had an opportunity at a former term to amend their answer, by denying the quantity and value of the goods, and fail to do so intentionally, knowing that the trial court held such denial to be necessary, it is not error to refuse such amendments after the jury is sworn and examination of witnesses entered upon.

Appeal from the Third District Court.

The facts involved in the appeal are stated in the opinion of the court.

*Sheeks & Rawlins,* for appellants.

In trespass at common law, the allegation of value or damages was not traversable, and the plaintiff could recover only

the damages which the proofs showed him entitled to. So under the code it is not a material allegation, and is not admitted although not denied. Pomeroy's Rem. etc. §§ 532, 613, 614, 617; *Jenkins et al.* v. *Steanka*, 19 Wis. 128–140; 7 Wis. 525; *Connoss* v. *Meir*, 2 E. D. Smith, 314; *Hackett* v. *Ritchards*, 3 E. D. Smith, 31; 12 Abb. 52; *Loeb et al.* v. *Komak et al.*, 1 Mont. 152; 2 Wait's Pr. 417 (b.); *Chicago, etc., R. R.* v. *N. W. Union P. Co.*, 38 Iowa, 377–382; 2 Barb. 643; 25 Barb. 505; Stephen's Pl. 133–284.

Allegations of value and damages are only material in the sense that they are admitted, if not denied, when the proof of actual damages is essential to the maintenance of the action. 45 Cal. 550; 1 Utah. 222; 19 Cal. 28.

Assuming it to have been necessary to deny the "value" and that the denial was defective, plaintiffs having introduced proof in support of the allegations of value, thereby waived all objection to the sufficiency of such denial. *Tynan* v. *Walker*, 35 Cal. 645; Pomeroy's Rem. etc. §§ 548, 549.

The court erred in overruling defendants' challenge to the juror, Henry Graves. He had formed an opinion as to the merits of the action, and was for that reason disqualified. Record, pp. 21–23.

In courts of record it is not allowable for the judge to communicate with the jury in their retirement, whether by letter or otherwise. If they desire further instructions they should be brought into court, and there instructed in presence of counsel. C. L. § 1394; 3 Wait's Pr. 184; *Sargent* v. *Roberts*, 1£ Mass. (1 Pick.) 337; *State* v. *Frisby*, 19 La. Ann. 143; *Gholston* v. *Gholston*, 31 Ga. 625; *Grabtree* v. *Haydenbaugh*, 2£ Ill. 349; *Fish* v. *Smith*, 12 Ind. 563; 10 Johns. 239; 13 Johns. 488; 1 Cowen, 258; 5 Cal. 148.

*R. N. Baskin*, for respondent.

When the motion for a new trial is made on a statement, no point will be considered, and no alleged error will be noticed unless it is specified under one of the grounds of the motion.

*Hawkings* v. *Abbott et al.*, 40 Cal. 639; *Elliott et al.* v. *Woodward*, 18 Ind. 183; *Hovy* v. *Hovy*, 36 Conn. 393.

In answer to the first point of appellants' brief, it is sufficient to say that the action was for a penalty under the 102d section of the old Criminal Act, p. 59, of old statute, and that the value of the goods was the gist of the action, and under the authorities there quoted by appellants, if not denied, is admitted.

If the complaint was defectively verified, the defendants having treated it as duly verified by verifying their answers, and making no objection to the alleged informality, waived any defects which might have existed in the verification of the complaint. But the verification was sufficient.

As to the sixth point, after plaintiff raised the question that the answers admitted the value of the goods, the defendant took leave to amend, and the objection here presented was to the amended answer; and when the defendants took leave to amend they waived the waiver if any had been made.

As to the seventh objection, the affidavits upon which it is based were not designated or identified by the judge or clerk, as required by § 195 of Practice Act, and therefore this error is not subject to the review of this court. *Johnson* v. *Muir* 43 Cal. 542; 22 Cal. 533; 17 Cal. 513.

BOREMAN, J., delivered the opinion of the court:

This is an action for a tresspass. It was before us at a former term and was then reversed and remanded, with leave to the plaintiffs below to move to amend the complaint. The amendment was allowed in the District Court, whereby the complaint was changed from one claiming treble damages under a statute to one claiming single damages. Otherwise the amended complaint remained the same as the original.

This amended complaint alleges that the respondents were partners, and, as such, owned and possessed certain personal property, specifying the same and likewise the amount and value, in detail and in the aggregate, and alleges that the ap

pellants, unlawfully, willfully and maliciously destroyed the same and rendered it worthless, and that respondent asks judgment for the value of the property, with interest, as damages.

The appellants (defendants below) answer, denying the partnership, the ownership of the respondent, or that they had any interest in the property, and they deny also that they willfully or maliciously destroyed said property, or that the same was rendered wholly worthless. There is, however, no denial of the destruction of the property as charged, except that it was willfully and maliciously done. There is no denial of the destruction with force and arms, nor that it was unlawfully done. Nor is there any denial of the alleged quantity nor of the alleged value of the property, either in detail or in the aggregate.

Upon trial before a jury the verdict and judgment in the court below were for the respondents, in the sum prayed for, and thereupon appellants bring the case again to this court.

The action of the court below in allowing the complaint to be amended so as to claim single instead of treble damages is assigned for error, it being alleged that this amendment changed the entire cause of action.

The statement of facts constituting the cause of action for the trespass is the same in the amended complaint as in the original complaint; the said original, after a specification of the manner of destruction, adding only the words "contrary to the form of the statute in such case made and provided," whereby claim could be made for the treble damages. The proof or case authorized under the amended complaint is the same as that under the original. A recovery upon the cause of action set out in either complaint would be a bar to a recovery upon the other. Our statute (C. L. 1374; Pr. Act, § 149,) seems to have provided for such a case in more express terms. It says that when the answer is in, then the statement of facts constituting the cause of action in the complaint, will authorize any relief which is "consistent with the case made by the complaint and embraced within the issue." The "case

made" in both complaints is the trespass. Single damages are just as consistent with this "case made" as the treble damages; and the one is just as much "within the issue" as the other. The issue in both cases is the destruction of the property as charged. There is no fundamental difference in the causes of action set out in the two complaints; the difference is in the amount of damages prayed for. It is not analogous to electing between two totally distinct causes of action, as *ex delicto* and *ex contractu*. The strongest case cited by appellants in support of their position was, probably, that of *Ross* v. *Mather*, in 51 N. Y. p. 108. The gravamen of the action in that case was fraud, and not the warranty of the horse. Here the gravamen of the action is the trespass, and it is not sought to change it to anything else by the amendment. I cannot see wherein this case of *Ross* v. *Mather* shakes the doctrine as laid down in *Dubois* v. *Beaver*, 25 N. Y. 123; and, indeed, the case of *Hughes* v. *Stevens*, 36 Pa. 320, upon which considerable stress was laid, seems to bear out the doctrine contrary to the views of the appellants. It recognizes that under a common law count for trespass, the jury could find treble damages, and they are presumed to have done so unless the contrary appears.

The case of *Newton* v. *Allis*, (12 Wis. 421,) relied upon by appellants, was one in which there was a radical change sought in the cause of action. The complaint was for damages for the wrongful overflow of ground, and to prevent its continuance. It was sought to amend the complaint so as to claim under a statute which allowed such overflowed lands to be taken for public use and the owner compensated therefor. The first complaint was to prevent any further overflow of plaintiff's land by defendant's damming up the water, and to compel defendant to pay damages for the injury already done to plaintiff. The plaintiff desired to amend his complaint so as to have the land itself declared taken for public use and he compensated for its loss. These were totally different causes of action, and there is in no sense a similarity between such a

case and one in which the change sought is simply a reduction of claim for damages.

The case of *Barnes* v. *Quigly* (59 N. Y. 265) is another case upon which appellants lay great stress. But that is not at all similar to the case at bar; it was one where the gravamen of the action was fraud. The gist of the action was fraud and not contract, and it was held that the court could not disregard the fraud and try the action as one upon the note. In the case at bar there is no such radical change in the cause of action. The gist of the action is not sought to be changed but only the amount to be recovered.

It cannot be said that any of the cases referred to will directly support the position of the appellants; if they bear upon the point at all it is very remotely. The general current of authorities, as well as reason and justice, seems to favor a contrary doctrine.

The change in the complaint did not mislead the defendants, for if they were prepared to meet and contest the case as made out in one complaint, they were equally well prepared to do so as to the other, for there are no facts in the defense to the one that could not be set up to the other and under the same answer.

But really it would seem that it even was not necessary to have amended the complaint in order to recover single damages. (*Tewksbury* v. *O'Connell*, 25 Cal. 362; *Dubois* v. *Beaver*, 25 N. Y. 123.) Such a recovery was "embraced within the issue" made under the original complaint, and was "consistent with the case made" by that complaint. In fact, the treble damages then claimed were not wrong, as it appears by § 603 of the "Civil Practice Act," which was not cited at the former hearing. That clause prevented the repeal from affecting "any rights, duties or penalties" which had arisen under the act repealed.

But it is further said that the treble damages were a penalty and the defendants below subject to be arrested, and that therein the original complaint showed a different action from

o

that of the amended complaint. The treble damages are in the nature of a penalty, but there is some doubt as to whether they are a penalty in fact, as contemplated by statute when that word is used. (*Ellis* v. *Whitlock*, 10 Mo. 781.) It is not such a penalty as under the old form of pleadings debt could have been maintained, the sum claimed being uncertain. Sedgwick's Measure of Dam. (5th ed.) p. 671.

But, assuming that power to arrest existed, it was a matter that could be waived, for as the lesser relief was embraced in the greater, it did not follow that a claim for the lesser was anything more than a waiver of the greater.

If the defendants were arrested in this case as it originally stated, it was not by reason of anything embraced in the section upon which the treble damages were claimed. (See "An Act in relation to Crimes and Punishments," approved March 6, 1852, Laws of Utah, 1852, p. 59.) The only arrest therein provided for was under a public prosecution. The arrest, therefore, could only be (if in this case) under the general law as set forth in our Civil Practice Act. If respondent waived his rights as to the arrest it does not change the cause of action, but only the claims upon it.

It is assigned for error that the court held that the failure to deny the quantity and the failure to deny the value of the goods destroyed, were admissions of those facts.

Our Civil Practice Act, § 65, provides that "every material allegation of the complaint, when it is verified, not specifically controverted by the answer shall, for the purpose of the action, be taken as true." This assumes that there is an answer in, and has no reference to cases of default.

The next succeeding section of the Civil Practice Act, § 66, is peculiar, and not commonly found in such codes. It defines what a "material allegation" is, and goes further than the rule in some other States. It provides that a "material allegation in a pleading is one essential to the claim or defense, and which could not be stricken from the pleading without leaving it insufficient." Suppose that the quantity and value

of the property had been left out of or stricken from the complaint, would that pleading have remained "sufficient"? Would not the court have held it "insufficient" upon demurrer? The complaint would have been too indefinite to require the defendant to answer, and no judgment whatever could have been given upon the complaint without an answer were in. C. L. 1374, p. 439. A court cannot, in the absence of an answer, grant relief not demanded. *Hurd* v. *Leavenworth*, 1 Code R. N. S. 278; *Simonson* v. *Blake*, 12 Abb. 331; 20 How. 484. But it would seem to be otherwise when there is an answer in. *Corcoran* v. *Doll*, 32 Cal. 88; *Corcoran* v. *Glickauf*, 28 Cal. 294; *Jones* v. *Butler*, 20 How. 189; *Smith* v. *Howard*, 20 How. 151; 38 Barb. 9; 20 N. Y. 62; 34 N. Y. 337.

It is objected also that interest was, by the jury, allowed upon the value of the property destroyed. The verdict read as follows:

"We, the jury in the above entitled case, find a verdict for the plaintiffs in the sum of ($22,057.75) twenty-two thousand and fifty-seven dollars and seventy-five cents, with interest at ten per cent. per annum from the 27th of August, A. D. 1870, amount $18,164.51; total amount, $40,219 26,

"J. E. DooLY, Foreman."

"Salt Lake City, November 22, 1878."

The general rule, no doubt, is that interest is not allowable on torts, where the damages are unliquidated and cannot be definitely ascertained or shown by evidence, but it is an equally true rule, well recognized, that where the damages are easily ascertained, by simple computation or other such definite manner, interest may be allowed by the jury. Sedgwick on Measure of Dam. p. 615, (530); Field on Dam. § 781; 18 Cal. 376; *Beals* v. *Guerney*, 8 John. 446; 6 Pet.; *Bissell* v. *Hopkins*, 4 Cow. 53; *Hyde* v. *Stone*, 7 Wend. 354; *Mote* v. *The Chicago & N.W. R. R. Co.*, 27 Iowa, (Stiles) 22; *Richmond* v. *Bronson*, 5 Denio, 55; *Kennedy* v. *Whitewell*, 4 Pick. 466.

But it is said to be a matter solely for the jury. We think

not. It was a question of law and not one of fact. This is the later and better rule, where the value of the property is fixed; it was not error, therefore, to instruct the jury as to their duty in this regard. Sedgwick's Meas. of Dam. (5th ed.) 567; *Andrews* v. *Durant*, 18 N. Y. 496; *Polk* v. *Allen*, 19 Mo. 469; *Tenny* v. *State Bank of Wisconsin*, 20 Wis. 152; *Riply* v. *Davis*, 15 Mich. 75; *Cutler* v. *Fanning*, 2 owa, 580.

But it may be said that if this be true, yet that interest cannot be allowed by the jury, *eo nomine*, as was done in this case.

That seems to have once been the rule, but the better doctrine now is that the jury may allow interest *eo nomine* in their verdict in computing the damages in gross. Such practice seems to have been followed without objection in 11 Wheat. 440; 18 Cal. 376; 1 Johns. 134, and other cases. And the question was directly passed upon in *Hogg* v. *Zanesville C. & N. Co.*, 5 Ohio, 410. The doctrine was recognized in *Richmond* v. *Dubuque & Sioux City R. R. Co.*, 33 Iowa, (Stiles,) 502.

In the case at bar the verdict disclosed the manner in which the gross amount of $40,219.26 was reached. It was done by allowing the value of the goods at the time of the taking, with interest to the date of the verdict. This question as to the verdict is one not of substance but of mere form. 3 Parsons on Cont. 105, note *w*. Under our system of pleading, when substantial justice is done, the mere form should not defeat it. Civil Pr. Act, § 71; C. L. of Utah, § 1296.

It is objected that there was error in the instruction of the court to the jury that possession would justify the recovery of the full value of the property. There was no error in this; respondents being in possession were owners as against trespassers. But if there was error in it as a proposition of law, it was not injurious to the defendants in this case, for the real ownership of the property by the respondent was clearly and plainly shown.

The court below refused to permit the appellants to amend their answer so as to put in issue the value and quantity. The record shows that the denials of the quantity and value were not left out of the answer by oversight but intentionally. The leave had been given upon a former trial, and the appellants knew by the former ruling that the District Court held it to be necessary to deny the quantity and value, and yet would not avail themselves of that knowledge at the proper time; but now, under another complaint, decline to ask to put such denials into the answer until the jury are sworn and the examination of witnesses entered upon. The refusal of the court to allow such amendment of the answer at that time and under those circumstances, was not improper.

The giving of respondent's instructions, and the refusal to give appellants', are assigned as error, but the objections are indefinite, and no point made upon them in the appellants' brief. We shall, therefore, deem them to be waived, otherwise than as the same points are covered by the alleged errors already considered.

The judgment is affirmed, with costs.

SCHAEFFER, C. J., concurs.

EMERSON, J., dissents.