GEORGE S. LEATHERBURY, JR., ET AL., *v.* MURDOCK McINNIS.

1. CHANCERY PRACTICE. *Waste. Co-tenants. Injunction.*

One tenant in common is entitled to an injunction against his co-tenants to restrain unusual and·unreasonable waste, indicating malice and tending to destroy the chief value of the land.

2. SAME. *Limitation of injunction.*

Where one tenant in common has enjoined his co-tenant from destroying timber which covers the entire tract and constitutes its chief value, and there is no showing that the timber on one part of the tract is of more value than that on any other part, the injunction should be limited so as to restrain the defendant only from destroying more trees than such proportionate part thereof as corresponds with his interest in the land.

FROM the chancery court of Greene county.

HON. STONE DEAVOURS, Chancellor.

The appellee, Murdock McInnis,· was complainant, and the appellants, George S. Leatherbury, Jr., *et al.,* were defendants in the court below.

The bill alleged that complainant was the owner of an undivided half interest in the land described in the bill aggregating one thousand and forty acres, which was only valuable for the pine timber on it, and defendants had entered upon a portion of it, and were boxing the trees for turpentine, and that the boxing of the .trees was an irreparable injury to the land, and prayed for an injunction restraining defendants from boxing the timber for turpentine. Defendants answered the bill, denying the material allegations thereof, and made a motion to dissolve the injunction which had been granted. The motion was heard on bill, answer, and affidavits. The affidavits were in large part the opinions of the parties making them, as to the effect of boxing the trees for turpentine purposes, one witness stating that he had heard one of the defendants say they in-

box all the land. The court overruled the motion to dissolve the injunction.

*Ford & White,* for appellants.

Here is a case where the defendants to an injunction bill, who confessedly. own an undivided one-half interest in the lands, who are not alleged to be insolvent, but affirmatively appear to be worth ten times the entire value of the whole tract of land, and who are in possession claiming title to the whole, who are absolutely, by operation of an ·injunction writ, in advance of any trial of title, lifted out of possession even of the half interest they own. We insist that the case viewed in its weakest light for the appellants falls as clearly as it is possible for a case to fall within the rule announced by this honorable court in the recent case of *North Lumber Co.* v. *Gary,* 83 Miss., 640 (s.o., 36 South. Rep., 2). It is a bill asserting ownership of an undivided one-half interest only, that does not seek to adjust or settle equities, seeking to perpetually restrain the cotenant from using any part of the common property.

But conceding that complainant is the owner of an undivided one-half interest in the lands—which, however, the court is not warranted by this record in doing, and we insist the action of the lower court in maintaining this injunction is more erroneous than before—the court will observe that the bill describes over one thousand acres of land, all of which is averred to be pine timbered lands; and that the defendants, as appears by the answer, had boxed but one hundred and twenty acres of the common property, viewing it in the light of a tenancy in common, which is the greatest interest appellee can possibly have. There is no pretense that the particular one hundred and twenty acres boxed contained more than an average quantity of timber, or anything that gave that small portion an exceptional value, so as to render it impossible, in the adjustment of equities, to set it apart to defendants in a partition. But the position of appellee in the court below, and the learned ·

chancellor in passing on the motion responded directly to the remarkable proposition, that one tenant in common could not use any part of the common estate or property for an exclusive or personal use, and that equity would restrain any use that was not a joint use and for the equal benefit of all the owners. We insist that this is not the law, and that the true rule is that one tenant in common may make any use he pleases of a part of the common property, provided he does not use in excess of his *pro rata* share of the common property. 1 High on Injunctions, sec. 693; *Mott* v. *Underwood,* 149 N. Y., 463 (s.c., 51 Am. St. Rep., 711).

*C. H. Wood,* for appellee.

Appellants rely upon the case of *North Lumber Co.* v. *Gary,* 83 Miss., 640 (s.c., 36 South. Rep., 2), to support their contention. This case is not analogous to the one before the court. In that case the party claimed the whole ownership of the land in dispute, while here it is proven that the defendants have only an undivided half interest in the lands. The trespass committed in the case cited was months before the suit was begun, and it was a very grave question whether the North Lumber Co. or Gary owned the lands upon which the trespass had been committed.

The parties here are co-tenants, and the bill is not to try the right of title to the lands, but to enjoin the co-tenants from continuing the trespass and thereby depreciating the value of the land. Complainant seeks for an accounting for the damage already done and for the prevention of further damage which he alleges and proves will be done to the lands; that it cannot be estimated by computation what damage is done to lands by boxing and scraping the pine timber thereon. "An owner of an undivided half interest in timbered lands cannot cut the timber off without the consent of his co-tenant, and may be enjoined from the commission of such trespass." *Cotton* v. *Christian,* 34 South. Rep., 597.

In the case of *Eskridge* v. *Eskridge,* 51 Miss., 522, this court held that where there is a relief at law, it is not sufficient to defeat the jurisdiction of equity. *Richardson* v. *Brooks,* 52 Miss., 118; *State* v. *Brown,* 58 Miss., 835.

"In case of continued and repeated acts, though each alone is a subject of a suit for damages, relief may be had by bill for injunction, and an accounting for profits realized by the wrong-doer." *Warren Mills* v. *N. O. Seed Co.,* 65 Miss., 391; *Avera* v. *Williams,* 81 Miss., 716.

The defendants in the court below declare in their answer that they intend to continue to box and scrape the pine timber on all the land in dispute. How are we to prevent these re-peating and continuous acts of trespass unless by a writ of in-junction? "Equity has jurisdiction to compel accounting for trees cut and will enjoin the trespass." *Gulf Red Cedar Co.* v. *Crenshaw,* 35 South. Rep., 50.

This court says: "Where irremedial mischief is done or threatened to be done, going to the destruction of the substance of the estate, such as extracting ore from mines or cutting down timber, the rule is to issue the injunction, though the title to the premises be in litigation." *Woods* v. *Riley,* 72 Miss., 73.

One tenant in common cannot maintain ejectment against his co-tenant without proving ouster. *Harmon* v. *James,* 7 Smed. & M., 111.

"In equity alone can the rights of tenants in common be adjusted." *Fowler* v. *Payne,* 49 Miss., 32.

WHITFIELD, C. J., delivered the opinion of the court.

The appellants and appellee appear, so far as the testimony has progressed, to be tenants in common of a tract of land embracing something like one thousand and forty acres. Ac-cording to the testimony thus far developed, the almost ex-clusive value of the land consists in the pine trees standing on it. The appellants have boxed the trees on one hundred and twenty acres, and have declared their purpose to box

the trees on the entire tract.    The chancellor must have believed from the testimony that this waste was unusual and unreasonable in its nature, malicious, and tending to the destruction of the chief value of the property.    We are not prepared to say that he is clearly wrong in this conclusion of fact, and if the facts be so, then the injunction was properly granted. Freeman on Co-tenancy & Partition, sec. 323.    But there is nothing to show that the timber on one part of the tract is of any more value than that on any other part of the tract, and there is no reason why, in partition proceedings, the court could not set apart to the appellants that half of the land embracing the said one hundred and twenty acres.    For these reasons, we think the injunction should have been limited so as to restrain the appellants from boxing any more than one-half, in value and quantity, of the trees.

*The decree is reversed and the cause remanded, with instructions to the court below to modify and perpetuate injunction as indicated in this opinion.*