[Civ. No. 386.  Second Appellate District.—November 22, 1907.]

## E. I. SCARBOROUGH, Respondent, v. A. L. WOODILL, Appellant.

TREES FORMING BOUNDARY LINE—TENANTS IN COMMON.—Line trees whose trunks stand partly on the land of two coterminous owners and form the boundary line between them are held by them as tenants in common.

ID.—WASTE.—Neither of the coterminous owners is at liberty to cut any of the line trees without the consent of the other, nor to cut away the part which extends into his land, if he thereby injures the common property in the trees. Each owner in common has the right to demand that the owner of the other portion shall so use his part as not unreasonably to injure or destroy the whole.

ID.—CYPRESS TREES BETWEEN ORANGE ORCHARDS—JUDICIAL NOTICE—PRESUMPTION—INJUNCTION AGAINST WASTE.—The court will take judicial notice of the flora and climatic conditions of the country; and it will be presumed that the cutting down of cypress trees for firewood on the boundary line between orange orchards in Southern California is not a legitimate enjoyment of the estate in such trees by one of the tenants in common, and injunction will lie to prevent the cutting down, injuring or destroying any of the remaining trees growing on the line.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Collier & Carnahan, for Appellant.

Purington & Adair, for Respondent.

TAGGART, J.—Appeal from judgment and order denying motion for a new trial.

Plaintiff and defendant own adjoining orange orchards in the county of Riverside, which are separated by a row of cypress trees growing on the boundary line between them. The trees vary in diameter from thirteen to twenty-three inches, and in height from seventy to seventy-five feet, and the trunks thereof stand partly on one side and partly on the other side of said line.

Defendant cut down eight of these trees (every alternate two), and threatened to continue to cut every alternate two trees until he had cut one-half of the entire row. The eight were taken to defendant's home and used for firewood.

The trial court rendered judgment in favor of plaintiff for $100 damages and perpetually enjoining defendant from cutting down, injuring or destroying any of the remaining trees growing on said line.

Line trees are "trees whose trunks stand partly on the land of two or more coterminous owners," and "belong to them in common." (Civ. Code, sec. 834; 28 Am. & Eng. Ency. of Law, 2d ed., p. 538.)

While at common law there appears to have existed two views as to the character of the estate created in the adjacent owners of real property by reason of the roots of trees growing near the boundary line extending into and deriving nourishment from the other property, the rule as to trees growing in a hedge that divided the lands of two proprietors was the same as that of our Civil Code. The ownership of the soil was several, in the proprietors of the two estates, while the tree, standing and growing partly on the soil of each, not capable as an entire thing of several ownership by the two was the property of the two in common, and as tenants in common. (*Dubois* v. *Beaver*, 25 N. Y. 123, [82 Am. Dec. 329].) If the tree stand so nearly upon the dividing line between the lands that portions of its body extend into each, the same is the property, in common, of the land owners. And neither of them is at liberty to cut the tree without the consent of the other, nor to cut away the part which exends into his land, if he thereby injures the common property in the tree. (Washburn on Real Property, 3d ed., sec. 7a.) The tenancy in common in a "line tree" appears to be of a peculiar nature, and may be stated to be, "that each of the land owners upon whose land any part of a trunk of a tree stands has an interest in that tree, a property in it, equal in the first instance, to, or perhaps, rather identical with, the part which is upon his land; and in the next place, embracing the right to demand that the owner of the other portion shall so use his part as not unreasonably to injure or destroy the whole." (*Robinson* v. *Clapp*, 65 Conn. 365, [32 Atl. 942].)

Defendant's estate in the row of cypress trees must be con-
sidered merely as that of a tenant in common in the trees
themselves as described by the Connecticut court with an
easement upon plaintiff's lands for the sustenance of such
trees. Whatever the character of his holding, it cannot be
contended that he is empowered to make his own partition
of the trees in his own way. The Code of Civil Procedure
expressly provides for an action for waste against a tenant in
common. (Sec. 732.) Waste is not defined by the code, so
we must look to the common law for this. (*McCord* v. *Oak-
land,* 64 Cal. 140, [49 Am. St. Rep. 686, 27 Pac. 863].)

This leads to a consideration of the propriety of the equi-
table remedy which was awarded by the trial court. De-
fendant contends that as the parties were tenants in common
of the trees, no injunction will issue against one at the suit of
the other. In neither of the cases relied upon by the appel-
lant was the court dealing with similar facts to those before
us upon this appeal. In *Hihn* v. *Peck,* 18 Cal. 644, it was
held that an injunction was not proper pending an action
in partition of a large tract of timber land, where neither
the insolvency of the tenant in common cutting the timber,
"nor any other facts entitling him to an injunction," were
averred in the bill. The general rule as to restraint for
waste against one tenant in common at the suit of another at
common law is stated in *McCord* v. *Oakland Q. M. Co.,* 64
Cal. 143, [49 Am. Rep. 686, 27 Pac. 863]. But, says the
court, he "might be restrained in equity from felling orna-
mental trees, or from doing other things amounting to wanton
and destructive waste, which were called 'equitable waste,'
because allowable at law." In the McCord case an injunc-
tion was refused because the court would not restrict a tenant
in common from the *legitimate enjoyment* of the estate, and
to interfere with the legitimate exercise of that right would
be to deny an essential quality of the title—that is, an un-
divided occupation. In the same opinion a New York case
is referred to, in which an injunction was granted pending
the hearing of a bill for partition, because the cutting of
the timber in that case was not within the usual and legiti-
mate exercise of the enjoyment of defendant's estate. (*Haw-
ley* v. *Clowes,* 2 Johns. Ch. 122.) As to the issuance of an
injunction, Chancellor Kent saying: "The remedy is pecul-
iarly appropriate and proper."

In other jurisdictions the use of the injunction in a proper case seems to be generally approved and the text-writers usually state the rule, that a tenant in common will not be granted an injunction against his cotenant, with an exception. In special cases, one tenant in common may, on the application of the other, be enjoined from committing waste (cutting timber), but the injunction is sparingly exercised. (*Obert* v. *Obert,* 5 N. J. Eq. 397.) Injunctions are but rarely granted to restrain a cotenant from exercising control over the joint property. To authorize an injunction, it must appear either that the defendant is insolvent, . . . or that the act sought to be enjoined will effect a partial or entire destruction of the estate. (Freeman on Cotenancy and Partition, sec. 323; *Leatherbury* v. *McInnis,* 85 Miss. 160, [107 Am. St. Rep. 274, 37 South. 1018].) An injunction will be granted to restrain one of the owners of adjoining tracts of land (tenants in common) from cutting down trees growing on the boundary line where they serve to shelter and protect the buildings of the other, even though their presence be a damage to his land, and notwithstanding the complainant has himself cut down some of the trees. (*Musch* v. *Burkhart,* 83 Iowa, 301, [32 Am. St. Rep. 305, 48 N. W. 1025] ; *Harndon* v. *Stultz,* 124 Iowa, 440, [100 N. W. 329] ; *Robinson* v. *Clapp,* 65 Conn. 365, [32 Atl. 939].)

It is argued by appellant in the case at bar that neither the complaint nor the findings show any peculiar conditions or circumstances justifying the issuance of an injunction under the authorities cited. This court will take judicial notice of the flora and climatic conditions of the country. It may from these and the character of the trees in question determine whether they are natural timber growing upon the land, or trees of an ornamental nature planted for a special purpose. From these premises it will be presumed that the cutting of cypress trees for firewood on the boundary line of an orange orchard in Southern California was not a "*legitimate enjoyment* of the estate" in such trees. We do not think any more specific allegation or finding is necessary to sustain the judgment.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 21, 1907.