## Reinhart v. Kunkel.

*Real estate — Line tree between properties — Destruction — Damages — Punitive damages—Excessive verdict.*

1. The owners of adjoining lands, upon whose dividing-line stands a line-tree, are owners of the tree in common, the one having a right of action against the other upon a total destruction of the tree; and the purchaser of the timber from one is similarly liable.

2. Where the value of the tree was variously testified to as from $3 to $8 or $15 on the side of defendant, and up to $200 on the side of plaintiff, and the jury found a verdict for $131.66, the court reduced the verdict to $65.

3. The right of the jury to go beyond merely compensatory damages and award exemplary ones can scarcely be questioned, but the allowance must not be grossly disproportionate to the injury inflicted.

Rule for new trial. C. P. Berks Co., Feb. T., 1921, No. 79.

*Rothermel & Mauger,* for plaintiff.

*Edward D. Trexler,* for defendant and rule.

ENDLICH, P. J., April 10, 1922.—Reinhart, plaintiff in this case, owns timber land in Albany Township, this county, adjoining land of one Dietrich. The latter sold the standing timber on his land to one Schroeder, who sold it to Kunkel, defendant. Kunkel cut down the timber, and, in doing so, cut down a tree standing on the line dividing plaintiff's land from Dietrich's and marked as a line tree. Thereupon Reinhart brought this action against Kunkel to recover damages for the loss of the line tree, both compensatory and punitive. The jury gave the plaintiff a verdict for $131.66. The defendant asks for a new trial on the ground of excessiveness of the verdict. The reasons filed in support of the rule for a new trial specify certain admissions and refusals of offers of evidence; but the complaint in every instance is that the admission or refusal served to increase the *quantum* of the verdict. If, therefore, the verdict was not excessive, or if, without a retrial of the case, the verdict can be reduced to what is fair and reasonable, the resort to a new trial will become unnecessary, the rulings instanced will, if erroneous, be harmless, and discussion of them in detail unimportant.

Reinhart v. Kunkel.

As to the right to maintain the action, it is enough to say that the general understanding seems to hold the owners of adjoining lands upon whose dividing-line stands a line tree to be the owners of the tree in common: Comfort v. Everhardt, 35 W. N. C. 364, the one having a right of action against the other upon a total destruction of the tree: see Harndon v. Stultz (Ia.), 100 N. W. Repr. 329; Dubois v. Beaver, 25 N. Y. 123, 128. Of course, the purchaser from the adjoiner of timber standing on land of the latter cannot be in any better situation than the adjoiner himself, but is similarly liable.

The value of the line tree is variously testified to as from $3, $8, $15 on the side of the defendant, up to $200 on the side of the plaintiff. The right of the jury to go beyond merely compensatory damages and award exemplary ones can scarcely be questioned. But the allowance must not be grossly disproportionate to the injury inflicted. We believe that the allowance made by the jury is too great, but that a reduction of the verdict by about 50 per cent. will bring the plaintiff's recovery within conscionable limits. Accordingly,

The rule for a new trial is discharged on condition that the plaintiff, within twenty days from this date, remit upon the record of this action so much of the verdict heretofore rendered therein as exceeds the sum of $65, with interest from Sept. 22, 1921; otherwise, at the expiration of said period, the rule to show cause to become absolute.

From Wellington M. Bertolet, Reading, Pa.