[Civ. No. 1611.   Fourth Appellate District.—March 26, 1936.]

WILLIAM R. ANDERSON, Respondent, v. P. J. WEILAND et al., Appellants.

Edward E. Gray for Appellants.

A. D. Mitchell for Respondent.

SCOVEL, J., *pro tem.*—Plaintiff and defendants are the owners of adjoining citrus orchards in San Bernardino County. On the boundary line dividing the two properties there is growing a row of tall eucalyptus trees termed a "windbreak" and grown for the purpose of protecting plaintiff's orchard from damage caused by annually recurring winds of high velocity. Defendants' evidence, which was not disputed, shows that the growth of limbs extending from the line of trees over and above their lands was injuring the citrus trees growing thereon. They commenced removing the offending limbs. Plaintiff thereupon filed this action praying for an injunction restraining defendants from "injuring, damaging, cutting, burning or in any way harming the said windbreak". From the testimony given at the trial, it appeared that the limbs already cut and removed by defendants had left large holes or openings in the hedge or "windbreak", which would permit the free passage of any damaging winds. Judgment was entered in favor of plaintiff perpetually enjoining defendants from "cutting, destroying or otherwise damaging the said windbreak". From this judgment defendants have appealed.

It is conceded by both parties to this appeal that the hedge here involved growing on the line between their properties constituted plaintiff and defendants cotenants therein. (*Scarborough* v. *Woodill*, 7 Cal. App. 39, at 40 [93 Pac. 383].) The exact nature of this cotenancy is difficult to

define. In *Scarborough* v. *Woodill, supra,* it is stated that "The tenancy in common in a 'line tree' appears to be of a peculiar nature, and may be stated to be, 'that each of the land owners upon whose land any part of a trunk of a tree stands has an interest in that tree, a property in it, equal, in the first instance, to, or perhaps, rather identical with, the part which is upon his land; and in the next place, embracing the right to demand that the owner of the other portion shall so use his part as not unreasonably to injure or destroy the whole'." (*Robinson* v. *Clapp,* 65 Conn. 365 [32 Atl. 939, 942, 29 L. R. A. 582].) There is some difference of opinion in the authorities where the act of one cotenant to protect himself from damage results in injury to the estate by the other cotenant. In *Scarborough* v. *Woodill, supra,* at page 42, the rule is laid down that "an injunction will be granted to restrain one of the owners of adjoining tracts of land (tenants in common) from cutting down trees growing on the boundary line where they serve to shelter and protect the buildings of the other, even though their presence be a damage to his land, and notwithstanding the complainant has himself cut down some of the trees". It follows that an adjoining owner should likewise be restrained from cutting or damaging "line trees" where the result would constitute a partial destruction and injuriously affect the purpose for which the trees were planted, to wit: a "windbreak".

Appellants contend, however, that a strict application of the injunction issued by the trial court might result in restraining defendants from cutting limbs from the hedge, causing them damage without in any way interfering with its use by plaintiff as a "windbreak". To avoid any such interpretation, the judgment should be modified by striking therefrom that portion thereof reading as follows: "It is therefore ordered and adjudged that the injunction heretofore granted in this action be and the same is hereby made perpetual and the said defendants, and each of them, are hereby perpetually enjoined from cutting destroying or otherwise damaging the said windbreak," and inserting in lieu thereof the following: "It is therefore ordered and adjudged that the said defendants, and each of them, are hereby perpetually enjoined from cutting, destroying or injuring said row of eucalyptus trees, or any portion thereof, so as to in any manner affect or interfere with its use by plaintiff as a 'wind-

break' to shelter and protect the citrus trees growing upon plaintiff's lands described in the amended complaint.''

As so modified the judgment is affirmed. Each party to pay his own costs on appeal.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 24, 1936.