## GRIFFIN *vs.* BIXBY & a.

A committee appointed to set off dower, made a return, describing the southerly line of the tract set off as running from a certain monument, N. 82° E., to the east end of the lot. It appeared in evidence, that they in fact run out and marked a line varying in some parts from that course.—*Held*, that the actual location by monuments must control the course mentioned in the return.

A tree, standing directly upon the line between adjoining owners, so that the line passes through it, is the common property of both parties, whether marked or not; and trespass will lie if one cuts and destroys it without the consent of the other. *see 48 New York, 201.*

TRESPASS, for breaking and entering the plaintiff's close, in Litchfield, November 1, 1838, and on other days, &c.

Plea, the general issue.

Hugh Nahor, the former husband of Elizabeth Bixby, who is one of the defendants, was the owner of a farm in Litchfield. Upon his death, her dower in said farm was set off, April 12, 1815, by a committee appointed for that purpose. In the return of the committee, they described the southerly line of the tract set off, as running from " a pine tree marked, with stones at the root", north 82 degrees east, " to the east end of said lot." There are acknowledged monuments at each end of this line, but the return of the committee did not designate any intermediate monuments.

The defendants offered evidence, that at the time the dower was set off, the committee in fact surveyed and marked a line through a tract of wood-land, varying somewhat from a straight line, extending further south, and thus including the *locus in quo ;* and that there has since been a cutting of wood, by the occupants, on both sides, up to this marked line.

The plaintiff derives title from the heirs of Nahor, to the land adjoining the dower, and he contended that this evidence could not be received to control the return of the committee.

There was evidence that a part of the distance between the corners was cleared, and a fence built, which varies from a straight line, but corresponds with the first monument found in the woods.

There was further evidence tending to show that one or more of the trees, alleged to have been marked upon the line, as monuments, had been cut and carried away.

The questions arising upon the foregoing case were reserved for the consideration of this court.

*Farley,* for the plaintiff. The line between the parties, according to the assignment of the dower returned by the committee, is a straight line. The evidence offered is to show that the line was not straight. Parol evidence is not admissible for such a purpose. 8 *N. H. Rep.* 302, *Bartlett* vs. *Nottingham ;* 4 *N. H. Rep.* 21, *Webster* vs. *Atkinson ;* 3 *Stark. Ev.* 995 ; 1 *Stark.* 429 ; 6 *Mass. R.* 440, *Storer* vs. *Freeman ;* 1 *Phil. Ev.* 410 ; 12 *Pick. R.* 563, *Wakefield* vs. *Stedman ;* 16 *Pick.* 231, *Atwood* vs. *Cobb ;* 22 *Pick.* 485, *Swan* vs. *Drury ;* 21 *Pick.* 34, *Rice* vs. *Woods ;* Ditto 503, *Driscoll* vs. *Fiske.*

Cutting a line tree, or a marked tree, is a trespass. Each owner must hold his part of the tree. Whenever a party cuts beyond the line he is liable. Should the tree bear fruit, each party must be entitled to what falls on his side.

If they owned as tenants in common, perhaps there might be a different form of action. But they cannot own as tenants in common, for they hold their lands in severalty.

*J. U. Parker,* for the defendants. The plaintiff's land is bounded by the dower, wherever that may be.

The line in dispute is north, 82 degrees east, to the east end of the lot. No monument is mentioned in the return at that place. If there had been a monument there, and no others along the line, it might have gone direct to that ; but there are others, as much acknowledged as that. The committee run out a line, and marked it, and have misdescribed it. But the monuments must govern. 2 *Greenl. R.* 213, *Pike* vs. *Dyke ;* 5 *Greenl.* 24, *Ripley* vs. *Berry ;* 7 *Greenl.* 61, *Esmond* vs. *Tarbox ;* 12 *Mass. R.* 469, *Makepeace* vs.

*Bancroft ;* 3 *Fairf. R.* 320, *Call* vs. *Barker ;* 7 *Johns. R.* 238, *Jackson* vs. *Ogden.*

If the marked line is not to govern, it will always be uncertain. The daily variation of the needle is more than the difference here.

There has been a quiet occupation, for many years, according to the line as marked.

As to cutting a tree on the line, we contend that trespass will not lie. The parties are tenants in common. 1 *Ld. Raym.* 737, *Waterman* vs. *Soper ;* 3 *Stark. Ev.* 1457, *n, a.* This goes further than we contend.

If one tenant in common cuts trees, the other can have a remedy for his share.

PARKER, C. J. If the committee had not run out and marked a line when they set off the dower of Mrs. Nahor, the course mentioned in the return must have determined the boundary between the parties ; and parol evidence could not have been admitted to show that there was previously a marked line there, varying from the course, and that the committee intended to adopt that line. 16 *Pick. R.* 235, *Allen* vs. *Kingsbury.* But in this case the committee marked a line, and in this respect the present case differs from that just cited, where the monuments were not erected at the time the dower was set off, but at some antecedent period, and for some purpose not known or explained.

As the monuments in this case were marked at the time by the committee, and intended to designate the land set off, we are of opinion that this constituted an actual location, and that they must control the course mentioned in the return. 3 *Greenl. R.* 126, *Brown* vs. *Gay ;* 5 *Greenl.* 24, *Ripley* vs. *Berry ;* 7 *Greenl. R.* 61, *Esmond* vs. *Tarbox ;* 13 *Maine R.* 329, *Thomas* vs. *Patten ; ante* 20, 26, *Prescott* vs. *Hawkins ; and see* 1 *U. S. Digest* 474. The evidence offered tends to show that the parties understood that the line was marked and established by monuments, and

acted with reference to that fact; which strengthens the case, and shows the propriety of the rule. *7 Johns. R.* 241, *Jackson* vs. *Ogden ;* 22 *Pick. R.* 410, *Clark* vs. *Munyan.*

As to the second question—In *Waterman* vs. *Soper,* 1 *Ld. Raym.* 737, cited for the defendants, Holt, C. J., ruled that if A. plants a tree on the extremest limits of his land, and the tree growing extend its root into the land of B., next adjoining, A. & B. are tenants in common of this tree, and that where there are tenants in common of a tree, and one cuts the whole, though the other cannot have an action for the tree, yet he may have an action for the special damage by this cutting. What action he shall have is not stated, nor is it quite clear that such an ownership can be established, if the root merely extend into the other's land.

But in *Co. Litt.* 200, *b.*, it is said, " If two tenants in common be of land, and of mete stones, *pro metis et bundis,* and the one take them up and carry them away, the other shall have an action of trespass *quare vi et armis* against him, in like manner as he shall have for the destruction of doves."

And in *Cubitt* vs. *Porter,* (8 *B. & C.* 257,) it was held, that " the common user of a wall separating adjoining lands, belonging to different owners, is *prima facie* evidence that the wall, and the land on which it stands, belong to the owners of those adjoining lands in equal moieties, as tenants in common ;" and " where such an ancient wall was pulled down by one of the two tenants in common, with the intention of rebuilding the same, and a new wall was built, of a greater height than the old one—it was held that this was not such a total destruction of the wall as to entitle one of the two tenants in common to maintain trespass against the other."

It seems to have been admitted, that for an entire destruction of the wall by one, trespass might have been sustained.

Without going to the extent of the ruling in Lord Raymond, we are of opinion that a tree standing directly upon

Griffin *v*. Bixby.

the line between adjoining owners, so that the line passes through it, is the common property of both parties, whether marked or not, and that trespass will lie if one cuts and destroys it without the consent of the other. *See cases cited in Odiorne* vs. *Lyford*, 9 *N. H. Rep.* 511.