ALBERT MUSCH, Appellee, v. PHILIP BURKHART, Appellant.

Trespass: DESTROYING TREES: TENANTS IN COMMON: INJUNCTION. Where a row of trees grown to the height of from thirty to sixty feet upon the boundary line between two adjoining tracts of land were used as a fence by stretching barbed wire along their trunks, and served to shelter the building and stock of the owner on the south side thereof, but rendered a strip of land four or five rods wide on the north side thereof unproductive, *held*, that the owners of the adjoining tracts were tenants in common as to said trees, and that the owner on the north side might be restrained by injunction from cutting the trees down.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

WEDNESDAY, JUNE 3, 1891.

ACTION in equity to enjoin the defendant from cutting down or otherwise interfering with certain trees. There was a trial by the court, and a decree in favor of the plaintiff. The defendant appeals. *Affirmed.*

*J. J. Tolerton*, for appellant.

*Mullan & Hoff*, for appellee.

ROBINSON, J.—The plaintiff owns the south half of the northwest quarter of section 16, in township 90

north, of range 13 west, in Black Hawk county, and
occupies it as a place of residence for himself and family.
His dwelling-house, barn and other buildings are on
the land described, and near its northwest corner.    The
defendant owns the northwest quarter of the quarter
section described, and the south boundary line of his
land is the north boundary line of the west part of the
land of the plaintiff.    About twenty years before the
commencement of this action one Jeffers, who then
owned the land now owned by the plaintiff, planted
along and on the north boundary line thereof, for a
distance of about thirty rods, commencing at the north-
west corner, a line of cottonwood trees.    They have
grown to a height of from thirty to sixty feet, and their
trunks have a diameter, near the ground, of from one
to two feet.    The average space between them is about
three feet.    The plaintiff has attached barbed wires to
the north side of the trees, thus making a wire fence.
He claims that the fence is needed; that the trees are of
great value to him as a wind break; that they afford
valuable protection from storm and winter winds to his
buildings and stock; and that the defendant has threat-
ened to destroy the fence, and to cut down and remove
the trees; and that unless restrained he will do so.
The defendant claims that, by agreement with the
plaintiff, a division of their common boundary line was
made for the purpose of fencing, by which the plaintiff
was to maintain a fence on the east half of the line, and
the defendant on the remainder; that the trees described
have thrown out roots, which extend for many feet in
his land; that by reason of such roots, and the shade of
the trees, a strip of his land four or five rods wide,
north of the trees, has been rendered unproductive.
He denies that the trees are of any value to the plain-
tiff; claims that he has a right to cut and remove them,
for the reason that they are a damage to him, and for the
further reason that the plaintiff has cut and taken away

some of those originally planted there, and he claims a right to do the same. He admits that he had threatened and fully intended to cut down those now standing.

The evidence shows that the trees are of value to the plaintiff, and that they damage the defendant; also that they stand on the common boundary line. They were planted before the defendant acquired title to the land he now owns. Under what agreement, if any, between the owners of the two tracts of land, they were planted, does not appear, although Jeffers and his grantees seemed to have cared for them as their own. They stand upon and draw sustenance from both tracts of land, and, in the absence of a showing to the contrary, it must be presumed that they are owned by the parties to this action as tenants in common. *Dubois v. Beaver*, 25 N. Y. 124; *Griffin v. Bixby*, 12 N. H. 456. When one tenant in common destroys the subject of the tenancy, he is liable to his co-tenant for the damages he thereby sustains. *Dubois v. Beaver, supra.* A court of equity will, by injunction, restrain one tenant in common, at the suit of another, from doing a serious injury to the common estate. 1 High on Injunctions, sec. 344. It is well settled that the commission of a trespass may be restrained by injunction. *Grant v. Crow*, 47 Iowa, 633; 2 Story on Equity Jurisprudence, secs. 928, 929.

It is said that an injunction will not be allowed to restrain the commission of a trespass where the recovery of damages in an action at law would be an adequate remedy for the injuries which would result from the trespass, if committed, and that, to authorize such an injunction, the injury threatened must be irreparable. It was said in *Wilson v. City of Mineral Point*, 39 Wis. 164, that "an injury is irreparable when it is of such a nature that the injured party cannot be adequately compensated therefor in damages, or when

the damages which may result therefrom cannot be measured by any certain pecuniary standard." It was further held in that case that the destruction of trees and shrubbery growing upon premises occupied as a home by the plaintiff would be, in a legal sense, an irreparable injury to him. In this case the plaintiff stated that the cutting down of the trees would damage him to the amount of two hundred dollars. But it does not follow that the damages would not be irreparable, within the meaning of the law, nor does it appear that the plaintiff is willing to suffer the damages for the sum named. The trees cannot be replaced, nor can their benefit to the plaintiff, and the comfort and satisfaction he derives from them, be accurately measured by a pecuniary standard. The use which the defendant purposes to make of them is not the one for which they were designed, nor the only one for which they are adapted. There are many cases where rights conflict, or where they are in dispute, in which courts of equity will not interfere by injunction to prevent an impending injury, so long as there is an adequate remedy at law for the injury threatened. But in this case there is no dispute as to the material facts involved, and the respective rights of the parties are known. The plaintiff has an interest in the trees for which he cannot be compelled, at the election of the defendant, to accept a money consideration. A person is not obliged to suffer his property to be destroyed at the will of another, even though he may be able to recover ample pecuniary compensation therefor. This is especially true of property like trees, planted for and adapted to a certain use, and serving a special purpose. Their owner has an interest in them which he may protect, and to be deprived of it without his consent would be to suffer irreparable injury, within the meaning of the law. It appears in this case that the plaintiff has cut down and appropriated a few of

the trees which at one time constituted a part of the line of trees in question, but the fact does not authorize the defendant to cut down and remove the remainder. The trees cause him some damage, but not sufficient to authorize him to destroy them. The decree of the district court enjoined the defendant "from tearing down or interfering with the fence on said line, and from in any manner interfering with said trees." This must be construed in connection with the injury threatened and the relief asked, to enjoin the defendant from destroying, or in any manner injuring the trees and fence. It was not designed to prevent him from taking care of the trees and maintaining the fence. His right to do so is as great as that of the plaintiff.

The decree of the district court is AFFIRMED.