Filed Nov. 27, 1894.

---

No. 16,955.

TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD COM-PANY ET AL. *v.* LOOP.

RAILROAD.—*Standing Timber Close to Right of Way.*—*Possibility of Falling on Railroad Track.*—*Right of Railroad Company to Cut Down.*—*Damages.*—*Injunction.*—Where a railroad company, by its agents, without notice or permission, entered upon land adjoining its right of way and cut down growing timber, the only reason for such act being fear that the timber might fall upon the railroad track, owing to the close proximity of such timber to the railroad company's right of way, the railroad company is liable in damages for the trees cut down, and may be enjoined from cutting other of such timber; the danger not being shown to be immediate and probable, but remote and barely possible, which was not sufficient to justify the acts complained of.

From the Howard Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellants.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon*, for appellee.

HOWARD, J.—This was an action brought by the appellee to enjoin the appellants from entering upon the lands of appellee, adjoining the railroad right of way, and from cutting the growing timber thereon; also, to collect damages for timber already cut.

Judgment for damages and a perpetual injunction were awarded as prayed for.

The only alleged error discussed in appellants' brief is the sustaining of the appellee's demurrer to the appellant railroad company's special paragraph of answer.

In this paragraph of answer the appellant company avers that it is the owner, controller, and in the daily use, of a right of way through the lands of appellee; that upon "said land, and near the right of way, are a few standing trees, varying in size; that the upper portions and tops of said trees extend over the defendant's right of way, and near to and along a line perpendicular with the defendant's railroad track; that because of the location of defendant's tracks and the close proximity of the standing trees upon the plaintiff's lands, at the time and immediately before the cutting down of the same, as mentioned in plaintiff's petition, there was great and immediate danger of said standing trees falling upon the defendant's right of way and said defendant's railroad tracks * * *; that for the reason aforesaid the said defendant, by its employes, peaceably entered upon the plaintiff's lands and cut down a few of said trees, standing as aforesaid and so interfering with the safe operation of defendant's said trains; that in cutting down said trees it did so in a proper and workmanlike manner and in no way whatever destroyed or injured the timber in said trees, more than would naturally result from a careful cutting down of the same."

Appellant thus admits that without notice or permission, it entered upon appellee's land and cut down his growing timber. And this action counsel seek to justify.

The only reason given for fearing that the timber might fall upon the track was "the close proximity of the standing trees upon the plaintiff's lands."

Counsel refer us to no section of the statute authorizing the entry or the cutting of the timber.

By section 5160, R. S. 1894 (section 3907, R. S.

1881), a railroad company is permitted to enter upon land "for the purpose of examining and surveying its railroad line," with a view to appropriating a strip for its right of way. We have here no such case. The company was already in possession and use of its hundred foot strip of right of way.

Neither have counsel been able, as they confess, "to find a case anywhere in the books that passes directly upon this precise question." Indeed, we should marvel very much if any one were found, whether owner of the fee or of a right of way, who ever before seriously sought to justify his entry upon another's premises to cut down the timber, simply because it stood close to the line.

No doubt, if a boulder, a log or a decrepit tree threatened to roll or fall from adjoining land upon a railroad track or other highway, and there was no time to lose in seeking permission from the owner, any one might enter upon the land to avert the danger. *Mayhew* v. *Burns*, 103 Ind. 328; Cooley Torts, p. 46; Wood Nuisances, section 107.

There is, however, no pretense of such a state of affairs in this case.

All peril may not be averted; it is the immediate and probable, not the remote and barely possible, that we are called upon to guard against. The tree along the roadside may grow on from year to year, increasing in strength even into the centuries; yet a hurricane may rise within an hour and overturn the stalwart oak upon the passing traveler. It is not, however, such merely possible injury, but an imminent and probable danger, that one may seek to avoid by entering unbidden upon the land of another.

As for trees that grow so close to the line that their branches extend over the adjoining premises, there is no doubt that if injury is shown the adjoining owner may

have his action in damages; or he may cut off the over-hanging branches so far as they extend above his soil. He may not, though, cross his neighbor's line and cut down the trees. Wood Nuisances, section 108; *Lemmon v. Webb*, L. R. (1894), 3 Ch. Div. 1.

The judgment is affirmed.

Filed Dec. 13, 1894.