EBE D. QUILLEN *vs.* THOMAS W. BETTS.

*Trespass Q. C. F.—Evidence.*

1. In trespass to real property, under the plea of "Not guilty," the defendant will be permitted to prove title, in himself or a person under whom he claims, to said property.

2. Plaintiff must show actual possession of the land at time of alleged trespass.

3. Pointing out the boundaries of land is an act indicating ownership, and is admissible in evidence for that purpose; there must be a claim, however, and not a mere statement.

4. A partition fence between the lands of adjoining owners is presumed to be the common property of both, unless the contrary is shown. If originally built upon the land of one of them, it is his; but if built upon the land of both, though at their joint expense, each is the owner in severalty of the part on his land.

5. In case of common possession by two or more persons, the law adjudges the rightful possession to him who has the legal title; and no length of holding in such case can give title by possession against such legal title.

6. In ascertaining boundaries from title papers, he who has the oldest title is entitled to take his courses and distances, go where they may. Where a deed calls for natural and known boundaries, the jury are to go to those boundaries, disregarding courses and distances; but if it gives courses and distances and not known boundaries, they are to go by courses and distances, disregarding the quantity of land.

7. If it be proved that the defendant in said action went upon the plaintiff's land without leave or license, the plaintiff would be entitled to nominal damages, though no special damages be proved.

*(October 18, 1897.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*C. W. Cullen* and *C. M. Cullen* for plaintiff.

*Charles F. Richards, Robert H. Richards* and *R. C. White* for defendant.

Superior Court, Sussex County, October Term, 1897.

ACTION OF TRESPASS *Quare Clausum Fregit*, to recover damages for trespass by defendant upon plaintiff's land, located in Baltimore Hundred, Sussex County; consisting in the cutting down of certain trees, the tearing away of a fence, the filling up of a ditch on one part, and the opening of a ditch on another part of said land. For other facts see charge of court.

The defendant's pleas were, "Not guilty" and "Statute of limitations."

Under said pleas the defendant sought to introduce evidence tending to show that the title to the said land was in the defendant and not in the plaintiff. This was objected to by counsel for plaintiff, on the ground that under the plea of "Not guilty" such proof was not admissible, and could only be given under the plea of *liberum tenementum*.

Defendant's counsel contended that under the plea of "Not guilty," the general issue in the case, they could show not only that the defendant did not commit the trespass alleged, but also that he had the freehold title in the property. That the plea of *liberum tenementum* admitted the trespass, and also possession in the plaintiff, and was necessary if the defendant desired that the plaintiff should re-assign and set out definitely the circumstances under which the alleged trespass was committed.

*1 Chitty's Pleading,* \*501; *Stephen on Pleading, 174; Hunter vs. Lank, 1 Harr., 10; Clark vs. Hill, 1 Harr., 335; Proprietors of Monumoi Great Beach vs. Rodgers, 1 Mass., 159; 2 Greenleaf on Evidence, Secs. 613 and 625.*

LORE, C. J:—In *Chitty's Pleading, Vol. 1,* \*501 *and* \*503, we find the rule laid down as follows :

"In trespass to real property, this plea formerly not only put in issue the fact of the trespass, but also the possessory title or right of the plaintiff; because the declaration, as before shown, states the plaintiff's title to the close, by the allegation that it was the close of the plaintiff, a matter which is plainly denied by the general issue, not guilty of the said trespasses, &c. It followed that before the recent rules—and we are not under those—any title, whether freehold or possessory, in the defendant, or a person under whom he claimed, might be given in evidence under 'Not guilty,' if such title showed that the right of possession, which was necessary in order to support trespass, was not in the plaintiff, but in the defendant, or the party under whom he justified."

   · \*      \*      \*      \*      \*      \*      \*

"There are some instances in which, although it was not heretofore essential, yet it might be judicious to plead specially

the defendant's *title* or the title of the party under whom he had *authority* to commit the acts complained of.''

The rule could not be expressed more tersely than Chitty puts it. Under that authority we are bound to admit this evidence. The defendant can show any title, either a possessory or freehold right, and can show a superior right to the party plaintiff. In other words, he can prove title under the plea of not guilty.

*C. W. Cullen* (questioning one of the witnesses): ''Did the plaintiff show you a line on the southern end of his land?''

Objected to by defendant's counsel as calling for a statement and not an overt act of ownership on the part of plaintiff.

LORE, C. J:—We think any act of ownership by plaintiff, indicating any line or corner of the land in dispute, would be admissible for what it is worth. It must be a claim, not a mere statement. Pointing out the boundaries of his land indicates an act of ownership.

The defendant was questioned by Mr. Richards as to the removal of the alleged division fence between the plaintiff's and defendant's land, and asked why the rails were removed: The defendant proceeded to state: '' Mr. Quillen told me right there in the presence of witnesses to tear the old fence out; that it was no good; that it might do to patch up with, or to haul up and burn. He said ' Tear the old fence out and throw my half of the rails over in my field.' He pointed out the old ditch and said ' I might cut a new ditch on that line.' ''

*C. W. Cullen,* for plaintiff objected, to the above line of testimony, on the ground that it tended to show license or privilege to remove the fence and cut the ditch, when there was no plea of license entered by the defendant.

LORE, C. J:—We recognize the correctness of your position, but it seems to us that the application is a little too close. As to this fence and this line, they have been spoken of on both sides, and they are intermingled and are almost inseparable in this case; and the statements about the dealings as to the old ditch and the new ditch and the old fence, are so mixed up, that we cannot

make it any one man's land as a matter of license; and it must go in under the testimony that has been put in, so far as it relates to the location of the line.

### PLAINTIFF'S PRAYERS.

The plaintiff prayed as follows:

*First.* If it be shown in this case, from the proof, that the defendant committed the trespass, or if he were present, aiding or abetting in the committing of it, or if before the trespass, he ordered, incited or advised the party who afterwards did it; or if there be proof that he committed any of them, it will be sufficient to maintain the declaration, and the plaintiff is entitled to recover.

*1 Archbold's Nisi Prius., 406.*

*Second.* It is not necessary for the plaintiff to prove that the act was done with wrongful intent; it is sufficient, if the plaintiff show that the trespass was done without a justifiable cause or purpose, though done accidentally or by mistake.

*2 Greenleaf's Ev. Par., 622.*

*Third.* If the plaintiff show that a line tree was cut down or a line fence was taken down or carried away, or cutting a ditch on the line without the consent of the adjoining owner, he is entitled to recover whatever damages he may have incurred from the proof presented.

*2 Greenleaf on Evidence, Par., 617.*

*Fourth.* The boundaries in a deed are to be first regarded; the courses and distances next.

*Hunter vs. Lank, 1 Harr., 10.*

*Fifth.* Where common possession by two or more persons, is shown, the law adjudges the rightful possession to him who has the legal title.

*Bartholomew vs. Edwards, 1 Hous., 17.*

*Sixth.* That the Court charge the jury that the defendant having withdrawn the plea of *liberum tenementum* and gone to trial, alone, on the plea of not guilty, had no right to set up by way of defence title in the lands or justification under said plea.

*Seventh.* That the Court charge the jury that the plaintiff is entitled to recover in this action, though no special damage be proved, for nominal damages, if it has been proved that he went unlawfully upon said lands without leave or license.

*Eighth.* That the Court charge the jury that the plaintiff is entitled to recover damages for any trespass of which he is found guilty upon said lands to the amount of the damage proved he has sustained.

*Ninth.* That the Court charge the jury that if the evidence offered in this case, discloses that the said fence was removed or the ditch dug, by consent or permission of the plaintiff, they must discard said testimony, because there is no plea in this case of license.

*4 Archbold, 496.*

## DEFENDANT'S PRAYERS.

The defendant prayed as follows:

*First.* That if the jury find, from the evidence; that the plaintiff was not in the actual possession of the land in dispute at the time of the alleged trespass, the plaintiff cannot recover in this action, but must resort to his action of ejectment.

*Clark vs. Hill, 1 Harrington, 335; Daisey vs. Hudson, 5 Harrington, 320; Steon vs. Anderson, 4 Harrington, 209.*

*Second.* That if the jury find, from the evidence, that there was a mixed possession of the lands in dispute by the plaintiff and defendant at the time of the alleged trespass, the plaintiff cannot recover in this action but must resort to his action of ejectment.

*Hunter vs. Lank, 1 Harrington, 10; Clark vs. Hill, 1 Harrington, 335.*

*Third.* A practical location is binding in case of a dispute of an indefinite, uncertain, or obscure description; and an actual location of a division line between the adjoining lands of different proprietors, however erroneous, shall control the courses and distances in the title deeds, when acquiesced in for a length of time sufficient to bar an entry.

*Eng. Ruling Cases, Vol. 11, 231; Note to Meres vs. Ansell; Davis vs. Townsend, 10 Barbour, 345.*

*Fourth.* That the jury may determine from all the evidence and the circumstances proved in the case, whether the defendant has shown a complete chain of title to the land claimed by him, and that a deed, or any other legal mode of conveyance may be presumed from long possession and other circumstances which can be accounted for only on the assumption of a conveyance.

*White vs. Loring, 24 Pick., 322; Melvin vs. Locks, 17 Pick., 262; Ryder vs. Hathaway, 21 Pick., 300-302.*

*Fifth.* That the recitals in the deeds of Abram Daizey from Solomon Evans, Solomon Evans from Elijah Evans and Ebe Walter from Purnal Johnson, Sheriff, are competent evidence from which the jury may infer, if they are satisfied with the sufficiency of it, a conveyance to Thomas Drury of the lands now owned by Thomas W. Betts, or that Thomas Drury owned said lands.

*White vs. Loring, 24 Pick., 322; Melvin vs. Locks and Canals, 17 Pick., 262; Ryder vs. Hathaway, 21 Pick., 302-300.*

LORE, C. J., charging the jury:

Gentlemen of the jury:—Ebe D. Quillen, the plaintiff in this action, complains of Thomas W. Betts, the defendant, of a plea of trespass *quara clausum fregit.*

The plaintiff claims that at divers times during the year 1893, Betts, the defendant, trespassed upon his land, and there cut down his trees growing thereon, tore down and removed his fence and dug a ditch or ditches, whereby he has sustained injury, and asks for such damages as he has proved.

The defendant contends that he did not commit any trespass. That the fence he tore down was a line fence; the ditch dug was on the line, as recognized by the plaintiff, and that what he did was done with the knowledge and consent of the plaintiff.

It is for you to ascertain by your verdict whether a trespass has been committed or not.

The case grows out of a dispute as to the correct boundary or division line between the adjoining lands of the plaintiff and the defendant.

To support this action, the plaintiff must show by a preponderance of evidence, that at the time the alleged trespass was committed, he had the actual possession of the land by himself or his servant.

You should, therefore, be informed as to what is such a possession as will support this action.

In a case of common possession by two or more persons, the law adjudges the rightful possession to him who has the legal title; and no length of holding in such case can give title by possession, against such legal title.

*Bartholomew vs. Edwards, 1 Houston, 17.*

If the fence which was torn down and removed was a partition fence between the land of these two adjoining owners, it is presumed to be the common property of both unless the contrary is shown. If it is proved to have been originally built upon the land of one of them it is his; but if it were built equally upon the land of both, though at their joint expense, each is the owner in severalty of the part standing on his land.''

*2 Greenleaf, Sec. 617.*

So if a tree stands directly upon the line between adjoining owners, so that the line passes through it, it is the common property of both, whether it be marked as a boundary or not.

*2 Greenleaf, Sec. 617; Griffin vs. Bixby, 12 N. H., 454.*

Therefore if you believe, that a 'line tree was cut down and taken away by the defendant, or that the fence torn down and removed was a division fence in joint possession, or was wholly or partly on the land of Quillen, or that the ditch was cut entirely or partly on the land of Quillen, without his consent, in either case your verdict should be for the plaintiff; inasmuch as there was no plea of license on the part of the defendant in this case, and therefore no evidence of a license or of the consent of Quillen was or could be properly given; and all such evidence, if any there be, must be disregarded and thrown out of the case in ascertaining your verdict.

In ascertaining boundaries from title papers, he who has the oldest title, is entitled to take his courses and distances, go where they may. Where a deed calls for natural and known bound-

aries; you are to go to those boundaries, disregarding courses and distances. If the deed gives courses and distances and not known boundaries, you are to go by courses and distances, disregarding the quantity of acres.

*Hunter vs. Lank, 1 Harrington, 10.*

If the recitals in the deeds from Solomon Evans to Abram Daisey, from Elijah Evans to Solomon Evans, and from Purnal Johnson, Sheriff, to Ebe Walter, produced in defendant's title, together with long possession and other controlling circumstances in the case, satisfy you that there must have been a conveyance of the land now owned by Thomas W. Betts to Thomas Drury, or that Drury owned the land, and by this means supplies the missing link in defendant's paper title, you may so find, provided such recital, possession and circumstances, are of such character that they can be accounted for only on the assumption of such conveyance, or that such possession otherwise would have been unlawful, or could not be satisfactorily explained.

*1 Greenleaf, Sec. 46; White vs. Loring, 24 Pickering, 322.*

In trespass to real property, the plea of not guilty puts in issue not only the fact of trespass, but also the possessory right of the plaintiff; because the declaration states the plaintiff's title to the close by alleging that it was the close of the plaintiff, a matter that is plainly denied by the general issue "not guilty;" it follows, that any title, whether freehold or possessory in the defendant or person under whom he claims might be given in evidence under "not guilty." *1 Chitty's Pleading, 501.* This notwithstanding he had withdrawn the plea of *liberum tenementum*.

Applying the principles of law as we have stated them above, to the facts in this case, it is for you to say whether, under the evidence in this case, the defendant did or did not commit a trespass.

If he did, your verdict should be for the plaintiff. If he was present aiding or abetting in the committing of the trespass; or if he ordered, incited or advised the party who afterwards committed the trespass he would be equally liable as if he committed it in person. It is not necessary for the plaintiff to prove

that the act was done by the defendant with any wrongful intent, it is sufficient if it was without a justifiable cause or purpose; though it were done accidentally, or by mistake.

*2 Greenleaf, Sec. 622.*

If you believe from the evidence that any trespass was committed by the defendant, as alleged, the plaintiff will be entitled to your verdict, and for such damages as he may have proved. If it be proved that the defendant went upon the plaintiff's land without leave or license, the plaintiff would be entitled to nominal damages, though no special damages be proved. No such leave or license could be proved, because there was no plea under which such evidence could be admitted.

Verdict for defendant.