## WILLIAM HANCOCK, Appellant, v. MARY E. FITZPATRICK, Respondent.

### Kansas City Court of Appeals, November 2, 1914.

1. **TRESPASS: Treble Damages.** Where, in a suit for trespass under Sec. 5448, R. S. Mo. 1909, the plaintiff sought treble damages for the cutting of fence posts out of a hedge, the issue submited to the jury was whether plaintiff was the exclusive owner of the hedge or whether it constituted merely a partnership fence between them in which each owned an interest therein, and the jury found that it was the latter, the suit for trespass under the statute cannot be maintained.

2. ———: ———: **Evidence.** The trial court cannot be convicted of error in excluding testimony that was immaterial, nor for excluding testimony that was material if it was merely a repetition of testimony theretofore given by the witness and which was admitted.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*L. W. Scott* and *R. M. Reynolds* for appellant.

*Joshua Barbee* for respondent.

TRIMBLE, J.—Appellant brought suit in trespass under section 5448, Revised Statutes 1909, to recover treble damages because respondent cut certain fence posts from a large osage orange hedge which had grown to full sized trees. Respondent cut about half of these into fence posts and removed them. As the suit is under the statute, the petition alleges that appellant was the sole and absolute owner of the hedge; that respondent had no interest therein but wrongfully entered upon appellant's land and cut and removed the posts. Respondent admitted cutting and removing them but denied all other allegations.

The parties to this litigation are adjoining landowners. Appellant owns the south half of the northwest quarter of section 21, and respondent the west half of the southwest quarter of said section. At or near the quarter of mile boundary between them is the hedge in controversy.

The evidence on appellant's side tended to show that after he purchased his eighty acres, he entered into an agreement with Thomas Fitzpatrick, owner of the 160 acres adjoining appellant on the south, whereby they would establish a half mile of hedge between their lands, Fitzpatrick to plant, cultivate, and own the east half thereof and appellant to plant, care for and own the west half. Appellant's evidence tended further to show that each planted, cultivated and owned his respective part of said hedge, and that said Thomas Fitzpatrick thereafter trimmed his part and kept it

as a hedge, but that he (appellant) did not trim his but allowed it to grow up into trees in order to get posts therefrom.

Afterwards, on August 31, 1885, Fitzpatrick sold the west eighty of his 160 acres to respondent's husband, William Fitzpatrick, being the land now occupied and owned by respondent, who is William's widow. Nothing was said in the deed to William about the hedge in question or about any other hedge for that matter.

Respondent's evidence, on the other hand, tends to show that the half mile of hedge along the entire south side of appellant's eighty was not planted by him and Thomas Fitzpatrick under the agreement as claimed, but that it was set out by Thomas Fitzpatrick and appellant's predecessor in title, Mr. Scearce; and that they set it out together as a partition fence, and after that, by agreement, Thomas Fitzpatrick cared for the west half (which constitutes now the quarter of mile of hedge in controversy), and appellant looked after the east half. Respondent's evidence tended further to show that after William Fitzpatrick acquired the land now belonging to respondent, the quarter of mile of hedge between him and appellant (which is the hedge in controversy and the west half of the half mile of hedge set out by Scearce and Thomas Fitzpatrick) was treated by appellant and William Fitzpatrick as a partition fence between them, in which William cared for and trimmed the west half of this quarter and appellant the east half, down to 1891, since which time no work of any kind has been done on the hedge and it has grown to its present size.

The evidence offered by appellant was to the effect that the hedge was never treated as a partition hedge by him and William Fitzpatrick; that the latter never at any time claimed or asserted an interest therein but repeatedly said it belonged to appellant. There was no evidence that William had any notice of the

alleged agreement between appellant and Thomas Fitzpatrick whereby, according to appellant's evidence, the latter was to care for and own the hedge now in controversy.

The question whether appellant set out the hedge himself under the agreement he says he had with Thomas Fitzpatrick whereby he was to own the part now in controversy, or whether it was set out by Thomas Fitzpatrick and appellant's predecessor in title. Mr. Scearce, as claimed by respondent, was submitted to the jury as was also the question whether, after William Fitzpatrick became the owneof the land on the south, he and appellant treated, used and cared for the hedge as a partition fence. The jury found both of these issues in favor of respondent. Such being the case, we do not see how appellant can recover in trespass under the statute for posts of which he claims the exclusive ownership. Perhaps if we were the triers of the facts, we might agree with appellant in his contention that the evidence preponderates greatly in his favor and shows that the hedge in controversy belonged to him and that respondent had no interest therein. But we cannot weigh the evidence, and since the jury has found for respondent and there is not an entire absence of substantial evidence to support her contention, we must accept her version as true. If such be the case, appellant cannot recover herein. This is a suit in trespass under the statute and not a suit for damages for removing the fence without notice. If respondent's theory be correct, and we must so treat it since the jury so found, the quarter of mile of hedge in controversy was the half Thomas Fitzpatrick was to care for of the entire half mile of hedge set out jointly by him and Mr. Scearce. And in such case each of said parties owned an interest in the whole fence. 12 Am. & Eng. Ency. of Law (2 Ed.), 1060. When Scearce deeded appellant's eighty to him the latter succeeded to Scearce's rights in said fence. When

Thomas Fitzpatrick deeded the respondent's land to William Fitpatrick the west half of said fence, being the hedge in question here, became the common property of appellant and William. [Climer v. Wallace, 28 Mo. 556; Kneale v. Price, 29 Mo. App. 227.] And, according to respondent's evidence, the hedge was treated as a partnership fence between them, William trimming and looking after the west half while appellant took care of the east half, down to 1891, since which time nothing has been done in the way of trimming said hedge but at all times it has constituted a partnership fence. Consequently, respondent is not liable under the statute.

Complaint is made because the court excluded certain evidence. We have carefully examined each of the instances wherein evidence was excluded and find the court's action thereon was proper. Most of the excluded testimony was immaterial, and that which was material was a mere repetition of evidence theretofore given by the witness and which was admitted.

Objection is also made to an instruction given in respondent's behalf, in that the instruction was misleading and was without evidence to support it. The instruction, however, is not open to either of these objections.

The judgment is affirmed. All concur.