LUKE ET AL. *v*. SCOTT.

[No. 14,659.   Filed September 26, 1933.   Rehearing denied December 20, 1933.]

*Richard L. Ewbank,* for appellants.

*James E. McDonald* and *Arthur T. Mayfield,* for appellee.

SMITH, J.—Appellee prosecuted this action against appellants for damages occasioned by the cutting of two trees alleged to have been upon the lands of the appellee.

Complaint was in one paragraph, and alleged in substance that on the 22d day of September, 1931, appellee was the owner of certain real estate in the city of Indianapolis, and had thereon a large number of ornamental shade trees known as the "Trees of Paradise;" that on said date the appellant, Albert Luke, acting for himself and one Lizzie Luke (Mary E. Luke), his wife, wrongfully and maliciously cut down two of said shade trees, and removed them from appellee's premises; that appellant cut the same, close to the ground, and destroyed said trees, and the "ornamentation" of appellee's premises to her damage in the sum of $500.00.

One of the defendants, Lizzie Luke (whose correct name is Mary E. Luke), wife of Albert Luke, departed this life after this action was brought, and her executor was substituted as a party defendant to the action, and is one of the appellant's heirs.

To the complaint, appellants filed two paragraphs of answer: (1) General denial; (2) an affirmative answer seeking a justification for the cutting of said trees in that they were of little value, and that they were cut because they interfered with the erection of a fence

which appellants desired to place between their property and that of appellee.

The cause was submitted to the court and jury for trial, and a verdict was returned in favor of the appellee, upon which judgment was rendered.

Appellants seasonably filed their motion for new trial, which was overruled, and took an appeal from said judgment to this court.

The only error relied upon for reversal is the overruling of the motion for new trial. The questions presented in the motion for new trial arise upon the refusal of the trial court to give certain instructions tendered by appellants, numbered 4, 5, 6, 7, 8, 9, 10, 13, 14, and 15.

There is evidence to show that the two trees cut by appellants were upon the land owned by appellee, but were close to the boundary, and there was some evidence that one of the trees extended partly over the line onto the land of appellants; there was also evidence that both of the trees were wholly upon the land of appellee, and that some of the branches hung over onto appellants' land.

Most of the instructions tendered by appellants are lengthy, and no good purpose could be served in setting them out in this opinion.

Several of these instructions proceed upon the theory of a nuisance; that the trees overhung onto appellants' land, and were a nuisance, and that the appellants had a right to cut them down. In this proposition, appellants are in error. There was evidence to support the contention that the trunks of these trees were wholly upon the land of appellee. Under such circumstances, an adjoining owner has no right to cut or destroy the trunk of a tree which is entirely upon the land of another although it causes him personal inconvenience, discomfort or injury; and, if he cuts or destroys such a tree, he is liable in damages to the owner

thereof. 1 C. J., p. 1233, Sec. 93; 1 Ruling Case Law, p. 400, Sec. 40.

There was evidence to show that these trees were cut off at the ground, and were wholly upon the land of appellee. In order for appellants to have cut them, they must, of necessity, have gone upon the land of appellee. There was testimony that no permission was given by appellee to cut said trees, or go upon her land. In fact, one of the appellants testified that he cut them because they were in the way of a fence which he proposed to build, and that appellee had made a demand of him that he build a fence.

Even if one of these trees was partly upon the land of appellants, this would not give them the right to cut them off at the ground, or destroy them. Under the rule, in such case, if the trunk of a tree is wholly or in part upon the line dividing the land of an adjoining owner, it is the common property of both; and it has been held that the property interest of each owner is identical as to the extent the portion of the tree is upon his land, and that where a tree is thus owned in common, neither party has the right to cut or injure the same without the consent of the other, and if he does, he will be liable for damages therefor. 1 Corpus Juris, p. 1233, Secs. 98, 99, 100; 1 Ruling Case Law, p. 400, Sec. 41.

In our own state, our Supreme Court, in the case of *Toledo, St. Louis and Kansas City Railroad Company et al.* v. *Loop* (1894), 139 Ind. 542, 544, 39 N. E. 306, said upon this proposition:

"As for trees that grow so close to the line that their branches extend over the adjoining premises, there is no doubt that if injury is shown the adjoining owner may have his action in damages; or he may cut off the overhanging branches so far as they extend above his soil. He may not, though, cross his neighbor's line and cut down the trees." Wood

Nuisances, section 108; *Lemmon* v. *Webb,* L. R. (1894), 3 Ch. Div. 1.

The appellants had no right to trespass upon the lands of the appellee, and cut these trees, even though they may have been a nuisance. Appellants had no right to abate the nuisance themselves, although they might have an action for the abatement thereof.

Of those instructions tendered by appellants numbered 4, 5, 6, 7, 8, 9, 13, 14, and 15, each relates to the general proposition of the right of appellants to cut the trees in question under certain circumstances and on the theory that they were a nuisance. What we have said above disposes of this proposition, and there was no error in refusing to give each of these instructions.

The court gave to the jury twenty instructions among which were instructions 11 and 14 which, we think, cover the proposition advanced by appellants as to their rights with reference to the cutting of said trees.

Appellants also complained of the refusal to give their instruction number 10. This contains a long argument, and does not clearly state the law. It is supposedly founded upon the second paragraph of answer. The fact that the appellants attempted to construct a fence between their land and that of appellee would not justify them in cutting down the trees, which may have prevented the building of the fence on the exact line. Furthermore, an instruction should not attempt to argue the case, as No. 10 does, but should be a clear, concise statement of the law applicable to the facts. There is no error in refusing to give instruction No. 10.

Appellants also raise the question that the damages were excessive, but from an analysis of the evidence as presented by the record we think that the jury in awarding damages herein, was not prompted by any

prejudice, but that the verdict was sufficiently supported by the evidence. There is no reversible error presented by this record.

Judgment affirmed.