# CATHCART v. MALONE.—229 S. W. (2d) 157.

Middle Section.   February 24, 1950.

Petition for Certiorari denied by Supreme Court, April 29, 1950.

Hoyte Bryson, of Woodbury, and R. L. Turner, of Smithville, for plaintiff.

Geo. S. Buckner, of Murfreesboro, and R. R. Fredeking, of Smithville, for defendant.

HOWELL, J.   This suit originated in a Justice of the Peace Court in De Kalb County and was for damages for wilfully and maliciously cutting and destroying two shade trees.   The case was appealed to the Circuit Court and there tried before the Circuit Judge without a jury and resulted in a judgment in favor of the plaintiff T. M. Cathcart and against the defendant Stratton Malone for $350.00 and the costs.

The defendant has perfected an appeal in error to this Court and has assigned errors.

The facts are that the plaintiff and the defendant are owners of adjoining land in De Kalb County and there is a dividing line fence between their properties. The trees in question as shown by the proof and especially the exhibits filed were on the line, partly on property of each of the parties. The defendant cut the trees down.

■ It is insisted for defendant that the Justice of the Peace did not have jurisdiction to try the case as the dividing line between the property of plaintiff and defendant was in dispute. The suit is in trespass for damages and the location of the line is merely incidental and not the main controversy. The damages claimed are for a trespass committed by the defendant when in the absence of the plaintiff he cut down the trees which were standing on the dividing line between their lands and in which both parties were tenants in common and we are of the opinion that the Justice of the Peace did have jurisdiction under authority of Sec. 10136 of the Code of Tennessee which gives the Justice jurisdiction in Civil cases for damages, except libel and slander, arising from either tort or contract, where the value of the property sued for or the damages demanded do not exceed five hundred dollars.

■■ In Vol. 1 American Jurisprudence in Paragraph 58 on page 539 it is said:

"A tree standing on the division line between adjoining proprietors, so that the line passes through the trunk or body of the tree above the surface of the soil, is the common property of both proprietors as tenants in common. This is another instance where the maxim, 'he who owns land owns to the sky above it,' is qualified and made to give way to a rule of convenience more just

and equitable, and more beneficial to both parties. To hold in such case that each is the absolute owner of that part of the tree standing on or over his own land would lead to a mode of division of the tree when cut that would be impracticable and would give the right to one to hew down his part of the tree to the line, and thereby destroy the part belonging to the other. The rule is therefore settled that in such case, the parties are tenants in common.

\* \* \* \* \*

"A landowner who cuts or destroys a tree growing on the boundary line without the consent of the adjoining owner is liable in trespass to the latter for such injury for although, ordinarily, trespass will not lie by one tenant in common destroys the subject of the tenancy, tenant in common destroys the subject of the teancy, trespass will lie at the suit of the injured party."

These trees growing on the line as shown by the proof and pictures exhibited belonged to the adjoining owners as tenants in common and neither had the right to destroy them without the consent of the other. It is conceded that the defendant had these trees destroyed while the plaintiff was out of the State and he is liable in damages for so doing.

The case of Pepper v. Gainsboro Telephone Co., 1 Tenn. App. 175, was a suit for damages in which the defendant cut some trees on land belonging to the plaintiff. It also originated in a Court of a Justice of the Peace. There was a judgment for the plaintiff and defendant appealed to this Court. In an opinion by Crownover, Judge, the Court said:

"This is an action of trespass. In actions of trespass possession is the gist of the action, and the gist of the

trespass is the injury to possession. Either actual or constructive possession is sufficient to maintain trespass. If the party is in actual possession under a deed, this is sufficient to maintain the action.

\* \* \* \* \*

"The warrant states that the defendant was summoned to 'answer the complaint of J. B. Pepper in a plea of debt due by damages for cutting a tree on the plaintiff's land under $500.00.' In other words, the plaintiff below sued for 'damages for cutting a tree on the plaintiff's land.' While the statement is very brief, still we think it is sufficient to cover any damages to the plaintiff's land incident to the destruction of the tree.

\* \* \* \* \*

"The measure of damages in an action of this kind is the difference in the market value of the realty immediately before and immediately after the destruction of the tree. N., C. & St. L. Railway v. Gardner, 7 Hig. 212; Ross v. Scott, 15 Lea 488, 83 Tenn. 479.

" 'Where a thing, whether it be a building, a tree, or a shrub, is destroyed by a wrongdoer, the most natural and best measure of the damage is the value of the thing destroyed as pertinent to or part of the realty; and ordinarily the value of the thing destroyed would be the measure of the injury to the land. If, for any reason the injury to the realty should be in fact less than the value of the thing destroyed, the plaintiff's recovery would be limited to the actual diminution of the value of the realty.' See, 4 Sutherland on Damages, (3 Ed.), Sec. 1019.

" 'Surely the damages could not be in all cases accurately measured by the market value of the wood or

timber cut. The trees might be a highly valuable appendage to the farm for purposes of shade or ornament; there might be very scant supply for a farm of that size or for other reasons they might have a special value as connected with a farm, although independent to and superior of their intrinsic value for purposes of building or fuel. As well you might remove the columns which support the roof or some part of the superstructure of a splendid mansion and limit the owner in damages to the value of these columns as timber or cord wood as to adopt the parallel rule in this case.' See Foote v. Merrill, 54 N. H. 490, 20 Am. Rep. 151; 4 Sutherland on Damages (3 Ed.), Sec. 1019.

"In actions of this kind it is not necessary to aver special damages, 2 Greenleaf on Evidence (16 Ed.), 635a note 1; Argotsinger v. Vine, 82 N. Y. 308; Jutte v. Hughes, 67 N. Y. 267; Warrior Coal Co. v. Mabel Mining Co., 112 Ala. 624, 20 So. 918."

In this case we cannot say that the evidence preponderates against the judgment of the trial Court. Code Sec. 10622.

It is insisted that there is no evidence to support the judgment. There is ample evidence to support the claim of plaintiff that he was damaged by the loss of the trees. The only evidence as to the amount of the damages is by a witness who testified that the plaintiff's property was depreciated in value $1000.00. It was for the trial Judge to weigh the value of this testimony and he awarded a judgment for $350.00. We cannot say that the judgment is excessive.

We do not find any reversible error in the rulings of the trial Judge on exceptions to testimony and there is no merit in the remaining assignments of error.

All assignments are overruled and the judgment of the trial Court is affirmed at the cost of the defendant. A judgment will be entered here in favor of the plaintiff and against the defendant for $350.00 and the costs.

Affirmed.

Felts and Hickerson, JJ., concur.