No. 21222.

Henry T. Rhodig and Elizabeth Rhodig *v.* Roy M. Keck

(421 P.2d 729)

Decided December 27, 1966.

GEORGE A. HINSHAW, WILLIAM H. PRENDERGAST, for plaintiffs in error.

CHARLES A. MURDOCK, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

HENRY T. and Elizabeth Rhodig, plaintiffs in error here and plaintiffs in the trial court, filed suit against Roy Keck alleging malicious and wanton destruction of four trees which allegedly grew on the boundary line between plaintiffs' and defendant's property in the City of Aurora. They asked for damages in the sum of $10,000. Defendant admitted removing the trees but alleged that they were completely on his property and and that he had the right to destroy them. The trial court granted defendant's motion to dismiss at the close of plaintiffs' case finding that they had failed to establish that they were owners of the trees. No statute of limitations is involved in the case.

On writ of error it is urged that:

(1) The evidence showed that plaintiffs and defendant were co-owners of the trees by reason of the fact that they grew on a common boundary line.

(2) The court erroneously found that defendant had a special right to remove the trees since his property was zoned for commercial use. And,

(3) It was error to fail to award actual and exemplary damages.

The record shows that the Rhodigs purchased their property in 1942 at which time there were two trees standing near the south lot line. In 1943 Rhodig planted two more trees in a line with the first two. Later one of the original trees died and the Rhodigs replaced it. In 1962 defendant Keck, wishing to fence his property to the south of Rhodigs, had a survey made of the lot line. This showed that one tree was entirely inside Keck's property by three inches; a second tree, 18 inches in diameter, extended four inches onto Rhodigs' land and was 14 inches on Keck's lot; a third tree, eight inches in diameter, extended two inches onto Rhodigs' land and was six inches on Keck's lot; the fourth tree, which was 16 inches in diameter, was growing five inches on Rhodigs' land and 11 inches on Keck's lot. As a result of that survey, Keck removed the trees. It should be noted here that the plaintiffs had had a survey made approximately ten years prior to this time with the same results as shown by the new survey for Keck, and, that as a result of the second survey, the Rhodigs had attempted to purchase a strip of land from the defendant without success.

█ Based on the factual situation presented, plaintiffs' contention that they and Keck were tenants in common of the trees is without merit, for this is not a true boundary line case. The line of authorities relied on by the Rhodigs, therefore, is not in point, *e.g.*, *Cathcart v. Malone*, 33 Tenn. App. 93, 229 S.W.2d 157 (1950); *Scarborough v. Woodill*, 7 Cal. App. 39, 93 Pac. 383 (1907); *Musch v. Burkhart*, 83 Iowa 301, 48 N.W. 1025 (1891); and see 1 Am. Jur., *Adjoining Landowners*, § 58; 2 C.J.S., *Adjoining Landowners*, § 40.

█ In the instant case the trees in question, when planted, must necessarily have been wholly upon Keck's property and no agreement or consent was shown concerning ownership. The mere fact that the Rhodigs testified that they owned the trees and maintained them is not sufficient evidence to permit a recovery. This

is so because they could not own something affixed to Keck's land without some agreement, right, estoppel or waiver. Apparently a test in determining whether trees are boundary line subjects entitled to protection is whether they were planted jointly, or jointly cared for, or were treated as a partition between adjoining properties. *Weisel v. Hobbs*, 138 Nebr. 656, 294 N.W. 448 (1940); *Hancock v. Fitzpatrick*, 183 Mo. App. 220, 170 S.W. 408 (1914). In the instant case none of these attributes was proved by the plaintiffs. In fact, in *Higdon v. Henderson*, Okla., 304 P.2d 1001 (1956), relief was denied where a defendant exposed the roots of what was alleged to be a boundary line tree because his acts did not show an "unreasonable use of his land." The court there noted that the rule affecting the rights of tenants in common of boundary line trees is modified "by the right of an abutting owner to use his property in a reasonable way and, conversely, not in an unreasonable way."

 Obviously here one of the trees being wholly on Keck's land, it is not involved in this dispute under these facts. As to the other three trees, this is simply a case of the Rhodigs failing to prove a legal or equitable interest therein, therefore, the legal owner of the land had the right to remove the encroachment. C. f. *Bonde v. Bishop*, 112 Cal. App.2d 1, 245 P.2d 617 (1952); *Granberry v. Jones*, 188 Tenn. 51, 216 S.W.2d 721 (1949).

In view of our concurrence with the trial court's judgment other errors assigned need not be considered.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE McWILLIAMS dissenting.

MR. JUSTICE FRANTZ dissenting:

Because the majority sanctioned conduct on the part of Keck which constituted a trespass and the destruction

of co-owned property without the imposition of damages, I cannot agree with their opinion.

Under the early English common law, a tree which stood on a property line made the adjoining owners tenants in common of that tree, and if one of the co-owners cut the whole he was liable for damages to the other. *Waterman v. Soper*, 1 Ld. Raym. 737. This case was followed in the early American case of *Griffin v. Bixby*, 12 N.H. 454.

Since that time a body of law has developed which holds that each of the owners of land upon whose property the trunk of a tree stands "has an interest in that tree, a property in it, equal, in the first instance, to, or perhaps, rather identical with, the part which is upon his land; and in the next place, embracing the right to demand that the owner of the other portion shall so use his part as not unreasonably to injure or destroy the whole." *Robinson v. Clapp*, 65 Conn. 365, 32 Atl. 942. In accord are *Scarborough v. Woodill*, 7 Cal. App. 39, 93 Pac. 383; *Quillen v. Betts*, 17 Del. 53, 39 Atl. 595; *Musch v. Burkhart*, 83 Iowa 301, 48 N.W. 1025.

If a tenant in common injures or destroys a tree standing on a boundary line, his adjoining landowner may maintain an action of trespass against the one who has injured or destroyed the tree. *Doran v. Rugg*, 22 Conn. Sup. 189, 164 A.2d 859; *Luke v. Scott*, 187 N.E. 63 (Ind. App.); *Blalock v. Atwood*, 154 Ky. 394, 157 S W. 694; *Griffin v. Bixby, supra.*

The cited law applies to one tree on a boundary or to a clump of trees some of which are on the boundary. *Meixner v. Buecksler*, 216 Minn. 586, 13 N.W.2d 754.

To come within these rules a tree need not have been placed on the property line for the purpose of forming a border or boundary. A tree which stands on a property line in a state of nature or one which has been planted by man is treated in the same way. This is the purport of the cited cases.

MR. JUSTICE MCWILLIAMS joins in this dissent.